923 F.2d 746
 59 USLW 2525, 1991 Copr.L.Dec. P 26,677,
17 U.S.P.Q.2d 1575
 Herb NEFT; D.R.H., Inc., a corporation; Karl James
Associates, Inc., a corporation; Karl James
Productions, Inc., a corporation; Gary
Gray, Plaintiffs,
and
Pelletier, Supancic & Gill; Franklin Pelletier; Ronald
Supancic; Keith C. Gill, Appellants,
v.
VIDMARK, INC., a corporation; Baker & Taylor Video, a
corporation; Mark Amin; Barry Barnholtz,
Defendants-Appellees.
 No. 89-55287.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 1, 1990.
Decided Jan. 17, 1991.
 
 Keith C. Gill, Woodland Hills, Cal., for appellants.
 Edward A. Ruttenberg, Leopold, Petrich & Smith, Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before BOOCHEVER, BEEZER and TROTT, Circuit Judges.
 BEEZER, Circuit Judge:
 
 
 1
 This is an appeal of an assessment against "plaintiffs and their counsel, jointly and severally," of costs and attorney's fees under copyright statute 17 U.S.C. Sec. 505. We reverse the award and remand for reconsideration of defendants' motion for costs and fees.
 
 
 2
 Plaintiffs brought a copyright infringement action. The district court granted summary judgment in favor of defendants. Defendants then moved for costs and attorney's fees under 17 U.S.C. Sec. 505. The district court found that the suit was frivolous and that plaintiffs' persistence in litigating the claim was in bad faith. The court then ordered defense counsel to file an itemized list of fees and costs, and gave plaintiffs ten days from the time the list was filed to object. Defendants submitted an itemized list reflecting fees and costs of $110,438.97. Plaintiffs did not file any opposition.
 
 
 3
 The district court found the amount claimed by defendants to be "reasonable." The court ordered that the full amount "be assessed against plaintiffs and their counsel, jointly and severally." Plaintiffs' counsel, Keith Gill, who was at the time of the suit a partner in the law partnership of Pelletier, Supancic & Gill, appealed.
 
 
 4
 In Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 262, 95 S.Ct. 1612, 1624, 44 L.Ed.2d 141 (1975), the Supreme Court stated that "the circumstances under which attorney's fees are to be awarded and the range of discretion of the courts in making those awards are matters for Congress to determine." Section 505 speaks only of allowing the recovery of costs "by or against any party " and of awarding attorneys' fees "to the prevailing party." 17 U.S.C. Sec. 505 (1988) (emphasis added). There is no indication, either in the language of Sec. 505 or, apparently, in its legislative history, see H.Rep. No. 94-1476, 94th Cong., 2d Sess. 163, reprinted in 1976 U.S.Code Cong. & Admin.News 5659, 5779, that Congress intended section 505 to be a means of imposing sanctions on attorneys.
 
 
 5
 The assessment of costs and attorneys' fees is REVERSED and REMANDED for reconsideration of defendants' motion for costs and fees.[1]
 
 
 
 [1]
 Although the district court considered an itemized list of services performed by defendants' counsel, to which plaintiffs filed no objection, the court simply stated that it found "the amount claimed to be reasonable" and awarded that amount. The court did not articulate any reasons why it found the amount reasonable, and thus gave this court no basis for determining whether or not the district court abused its discretion. Upon reconsideration, the district court must provide "a concise but clear explanation of its reasons for the fee award." See Hensley v. Eckerhart, 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 1939 n. 7, 76 L.Ed.2d 40 (1983); Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 886 F.2d 1545, 1557 (9th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 1321, 108 L.Ed.2d 496 (1990) (attorney's fees awarded under 17 U.S.C. Sec. 505); Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir.1975), cert. denied, sub nom Perkins v. Screen Extras Guild, Inc., 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976)