963 F.2d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David M. CHISHOLM, Plaintiff-Appellant,
v.
James R. DANIEL, Plan Administrator and Trustee; Pousto,
Inc., dba Unitronic Stock Bonus Plan; Trust
Consultants, Inc., a corporation; SCI
Systems, Inc., a corporation,
Defendants-Appellees.
 No. 89-16430.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 1992.
Decided May 15, 1992.
 
 Before GOODWIN, SCHROEDER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This is an appeal of an assessment "imposed jointly and severally against plaintiffs, [David] Chisholm and [Thomas] Hwang,[1] and their attorney, James Paul Green," of costs and attorneys' fees under section 1132(g)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. We reverse the award and remand for reconsideration of defendants' motion for costs and fees.
 
 
 3
 "[T]he circumstances under which attorneys' fees are to be awarded and the range of discretion of the courts in making those awards are matters for Congress to determine." Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 262 (1975); accord Neft v. Vidmark, Inc., 923 F.2d 746, 746 (9th Cir.1991) (quoting Alyeska ). The outcome in this case is guided by the analysis and holding set forth by this court in Neft, which involved "an appeal of an assessment against 'plaintiffs and their counsel, jointly and severally,' of costs and attorney's fees under copyright statute 17 U.S.C. § 505." 923 F.2d at 746. We held that section 505 of the copyright statute, which authorizes the recovery of costs "by or against any party" and permits an award of attorneys' fees "to the prevailing party," may not be used by the district court to impose sanctions on attorneys. Id. at 746-47.
 
 
 4
 Neft is similar enough to this case that we are bound by it. Section 1132(g)(1) provides only that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." This section expressly authorizes the recovery of fees and costs only by a party to the action. Like section 505, there is no indication, either in the language of section 1132(g)(1) or, apparently, in its legislative history, that Congress intended section 1132(g)(1) to be a means of imposing sanctions upon attorneys. See Neft, 923 F.2d at 747. It was error for the district court to impose the award of attorneys' fees and costs jointly and severally against Green. Therefore, we reverse the award and remand for reconsideration of Daniel's motion for costs and fees.[2]
 
 
 5
 In making its determination whether to assess an award against Chisholm under section 1132(g)(1), the district court should consider the following: 1) the degree of the opposing party's culpability or bad faith; 2) the ability of the opposing party to satisfy an award of fees; 3) whether an award of fees against the opposing party would deter others from acting under similar circumstances; 4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and 5) the relative merit of each party's position. Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir.1980). The five-factor Hummell analysis applies when either plaintiffs or defendants make a motion for an award of fees; and no one factor is necessarily decisive or even pertinent in a given case. See Carpenters S. Cal. Admin. Corp. v. Russell, 726 F.2d 1410, 1416 (9th Cir.1984); accord Tingey v. Pixley-Richards West, Inc., No. 89-15377 (9th Cir. March 10, 1992). Although the Hummell factors frequently suggest that attorneys' fees should not be charged against ERISA plaintiffs, the determination whether to award fees in each case must flow from a careful analysis of the relevant factors. Graphic Communications Union v. GCIU Employer Retirement Benefit Plan, 917 F.2d 1184, 1189 (9th Cir.1990).
 
 
 6
 Upon reconsideration, the district court must reexamine the second (ability to pay) and fourth (benefit to a class) Hummell factors as they apply to Chisholm. In its order, the district court stated it would not consider these factors because no evidence was presented regarding them. Nevertheless, the court went on to consider the fourth factor and concluded: "it is clear from a review of the pleadings and orders of this court that plaintiffs did not bring this action for the benefit of all plan participants.... Moreover, plaintiffs sought benefits at the expense of the overall plan and its beneficiaries." Even Daniel concedes this finding was erroneous. By the time Chisholm filed his suit under ERISA, the benefits to the participants had been distributed and the Plan terminated. More importantly, the relevant inquiry under the fourth Hummell factor is whether the party requesting fees, Daniel, sought to benefit all participants. Defendants' position did not benefit participants or beneficiaries of an ERISA plan, and the action did not resolve a significant legal question. This factor weighs against an award of attorneys' fees in this case and should have been properly considered in the district court's analysis.
 
 
 7
 Additionally, Chisholm contends the district court had full knowledge of his inability to satisfy the award from both the information set forth in his Memorandum Opposing the Request for Fees filed with the court, and from his In Forma Pauperis Application, which was reviewed by the court and denied. It is unclear whether Chisholm does have the ability to satisfy the award. In the Memorandum and the IFP application, Chisholm alleged he receives a monthly salary of $1,000; he supports four dependents; and he has monthly expenses totaling $2,850. If true, these facts would indicate that Chisholm may not be able to satisfy the $64,271.46 award of attorneys' fees and costs. Further, Daniel offered no evidence that Chisholm could satisfy the award. See, e.g., Hope v. International Bhd. of Elec. Workers, 785 F.2d 826, 831 (9th Cir.), cert. dismissed, 478 U.S. 1039 (1986); Paddack v. Morris, 783 F.2d 844, 847 (9th Cir.1986). The district court improperly refused to consider this factor in its analysis.
 
 
 8
 Daniel's request for attorneys' fees for the appeal pursuant to 29 U.S.C. § 1132(g)(1), and Fed.R.App.P. 38 is denied. The assessment of costs and attorneys' fees by the district court is REVERSED and REMANDED for reconsideration of defendants' motion for costs and fees.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Thomas Hwang is no longer a party to this appeal. Following the district court's entry of judgment for the fees, Hwang, through a new attorney, sought relief under Fed.R.Civ.P. 60(b). This court granted Hwang a limited remand for the district court to decide the Rule 60(b) motion. The court granted Hwang's motion and entered a modified judgment imposing joint and several liability upon Chisholm and Green for all but $250 of the attorneys' fees and costs awarded
 
 
 [2]
 Daniel's contention that the assessment against Green, nevertheless, may be affirmed on appeal under the authority of Rule 11 or the inherent power of the court is without merit. The law in this circuit is clear that "[f]or a sanction to be validly imposed, the conduct in question must be sanctionable under the authority relied on." Cunningham v. County of Los Angeles, 879 F.2d 481, 490 (9th Cir.1988), cert. denied, 493 U.S. 1035 (1990). Section 1132(g)(1) was the only basis relied on by the district court for the imposition of costs and fees jointly and severally against Green