12 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Herb NEFT, Plaintiff,
and
Keith H. Gill, Appellant,
v.
VIDMARK, INC., Baker & Taylor Video; Mark Amin; Barry
Barnholtz, Defendants-Appellees.
 No. 91-56471.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 5, 1993.
Decided Nov. 17, 1993.
 
 Before: HALL, WIGGINS, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Keith Gill appeals from the district court's order of sanctions against him under Fed.R.Civ.P. 11 and 28 U.S.C. Sec. 1927 (1988). This case was previously before this court in Neft v. Vidmark, Inc., 923 F.2d 746 (9th Cir.1991) when Appellant Gill appealed the district court's award of attorneys' fees and costs under 17 U.S.C. Sec. 505 (1988). We reversed this decision on the ground that Sec. 505 is not to be used as a means to sanction attorneys. Neft, 923 F.2d at 747. On remand the district court ordered sanctions against Gill under Fed.R.Civ.P. 11 and 28 U.S.C. Sec. 1927 even though defendant Vidmark had relied exclusively on Sec. 505 for its post-judgment motion for attorney fees. We affirm.
 
 
 3
 * STANDARD OF REVIEW
 
 
 4
 An award of attorney's fees in a copyright case is reviewed for an abuse of discretion. Cooling Systems & Flexibles, Inc. v. Stuart Radiators, Inc., 777 F.2d 485, 487 (9th Cir.1985); Transgro, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1027 (9th Cir.1985), cert. denied, 474 U.S. 1059 (1986). The court reviews orders imposing Federal Rule of Civil Procedure 11 sanctions for an abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990). An award of Sec. 1927 sanctions is reviewed for an abuse of discretion. West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1526 (9th Cir.1990). A court's imposition of sanctions pursuant to its inherent power is also reviewed for an abuse of discretion. Chambers v. Nasco, Inc., 111 S.Ct. 2123, 2138 (1991).
 
 II
 ANALYSIS
 
 5
 1. Did The District Court Abuse Its Discretion By Imposing Rule 11 and Sec. 1927 Sanctions more Than Three Years After The Complaint Was Filed?
 
 
 6
 Gill argues the district court's imposition of sanctions under Rule 11 and Sec. 1927 more than three years after the complaint was filed was an abuse of discretion. He contends that defendants' motion for sanctions was late. He asserts that defendants' right to seek sanctions accrued in 1988 and that their motion for fees in 1991 is barred by "unreasonable laches."
 
 
 7
 As support for his argument, he states that defendants' 1988 motion for fees and costs was against plaintiffs only and the 1991 motion is brought against attorney Gill only. However, in Neft, 923 F.2d 746, this court expressly commanded, "Upon reconsideration, the district court must provide 'a concise but clear explanation of its reasons for the fee award.' " Id. at 747 n. 1. As the district court correctly points out in its opinion, "the only appellant before the Ninth Circuit was Mr. Gill." Moreover, because this court expressly rejected the use of 17 U.S.C. Sec. 505 as a means of imposing sanctions on attorneys but nonetheless remanded to the district court for reconsideration of the matter, the district court was correct in considering alternative grounds for sanctions. Otherwise, this court would have simply reversed. Gill's argument that the district court misinterpreted our opinion is without merit.
 
 
 8
 This court considered the issue of timeliness of a Rule 11 motion in Community Elec. Services v. National Elec. Contr., 869 F.2d 1235, 1242 (9th Cir.1989). This court held, "The optimum timing of sanctions to further the deterrence aspect of Rule 11 depends on the circumstances. This requires discretion." Id. (citation omitted).
 
 
 9
 In Community Elec. Services, the court rejected plaintiff's counsel's argument that the defendant's motion for sanctions was late because he did not request sanctions after each allegedly frivolous pleading or before judgment. Id. The court expressly rejected the Third Circuit's requirement that a motion for Rule 11 sanctions be filed prior to entry of judgment. Id. This court held:
 
 
 10
 Although we agree with the court's concerns regarding early notification and the efficient use of judicial resources, we believe these matters rest properly within the sound discretion of the trial judge. The court below did not abuse its discretion. The defendants filed within 30 days of the entry of judgment, the time required to request attorneys' fees.
 
 
 11
 Id. (citations omitted). Thus, the matter depends on the circumstances and is largely left to the discretion of the district judge.
 
 
 12
 In the instant case, the district judge did not abuse his discretion in awarding fees under Rule 11 and Sec. 1927 after the case had been remanded back to him. In a well-reasoned opinion, the district court judge justified the reasons for imposing the sanctions and set forth, as commanded by the Ninth Circuit, a "concise but clear explanation of its reasons for the fee award." Neft, 923 F.2d at 947 n. 1.
 
 
 13
 Gill cites the comments to Rule 11 for the proposition that "[a] party seeking sanctions should give notice to the court and the offending party promptly upon discovering a basis for doing so." However, Gill had notice in 1988 that the court was considering whether he or his client acted in bad faith or frivolously, and that a finding in the affirmative could subject his client to liability for costs and attorneys' fees. Gill responded to this motion with a memorandum of points and authorities in opposition to defendants' motion, in which he argued that neither his client nor he acted in bad faith or frivolously. The court considered and rejected his claim. Although Gill may have believed that only his clients would be liable for any costs the court might impose, he cannot be heard to argue that he would have been more diligent or would have argued more convincingly had he known that his client's wallet was not the only one at risk.
 
 
 14
 We conclude that the district court properly considered alternative theories to award sanctions after the case had been remanded to him. We further conclude that it was not an abuse of discretion for the district judge to impose sanctions more than three and one-half years after the complaint was filed because the case was appealed and remanded which accounted for most of the delay.
 
 
 15
 2. Did The Court Abuse Its Discretion By Imposing Rule 11 Sanctions On Gill?
 
 
 16
 Rule 11 sanctions are appropriate where a litigant makes a " 'frivolous filing,' that is, where he filed a pleading or other paper which no competent attorney could believe well grounded in fact and warranted by law; and where a litigant files a pleading or other paper for an 'improper purpose.' " Greenberg v. Sala, 822 F.2d 882, 885 (9th Cir.1987) (citing Golden Eagle Distributing Corp. v. Burroughs Corp., 801 F.2d 1531, 1538 (9th Cir.1986) and Zaldivar v. City of Los Angeles, 780 F.2d 823, 829 (9th Cir.1986)).
 
 
 17
 Rule 11 provides that if it is violated, the court "shall impose upon the person who signed [the pleading or paper], a represented party, or both, an appropriate sanction ... including a reasonable attorney's fee." Fed.R.Civ.P. 11. See also id. Advisory Committee's Note ("If the duty imposed by [Rule 11] is violated, the court should have the discretion to impose sanctions on either the attorney, the party the signing attorney represents, or both....").
 
 
 18
 In the instant case the facts amply support the district court's finding that plaintiffs acted both in bad faith and frivolously. For example, the court noted that before Gill instigated the suit, he had received advice from a Washington, D.C. firm specializing in copyright that: 1) there was no registered copyright for the film, but that specified businesses, including defendant Vidmark's licensor, were marketing the film; 2) defense counsel had filed a document in the copyright office relating to a work with the title "Adios Amigos"; and 3) plaintiffs should contact Aurora, Vidmark's licensor, to determine from whom Aurora had obtained television syndication rights. In blatant disregard of this information, Gill negotiated a licensing agreement with Williamson, who claimed to own the copyright.
 
 
 19
 The district court also found that Gill attempted to keep the suit alive in the face of a written agreement which transferred all Williamson's rights in the film's copyright long before plaintiffs negotiated their licensing agreement. Despite evidence of this agreement, Gill, on behalf of plaintiffs, made a variety of outrageous statements to the district court and completely misstated the applicable law in an attempt to avoid the conclusive effect of the agreement. For example, plaintiffs attempted to argue that Ramano Productions never really existed, even though Williamson had already testified that it did, and that Ramano was simply the name of Williamson's dog. Finally, Gill violated numerous procedural rules. These facts support the district court's imposition of Rule 11 sanctions on Gill for his bad faith and frivolous conduct.
 
 
 20
 3. Did The District Court Abuse Its Discretion In Awarding 28 U.S.C. Sec. 1927 Sanctions Against Gill?
 
 Section 1927 provides:
 
 21
 Any attorney to other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.
 
 
 22
 28 U.S.C. Sec. 1927 (1988).
 
 
 23
 Section 1927 sanctions require a bad faith finding. West Coast Theater Corp., 897 F.2d at 1528. This court has determined that "[b]ad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim of the purpose of harassing an opponent." Id. (quoting Soules v. Kauaians For Nukolii Campaign Comm., 849 F.2d 1176, 1185-86 (9th Cir.1988).
 
 
 24
 The facts above establish that Gill recklessly proceeded with the litigation despite a complete lack of factual support for his claim. Defendants continually proved Gill's own incredible assertions to be erroneous. For example, in response to Gill's statements that Ramano never existed, defendants obtained from the California Secretary of State, and presented to Gill, Ramano's 1974 Articles of Incorporation, and its subsequent amendments. These documents proved Ramano's existence in corporate form at all relevant times, and its subsequent name change to Po' Boy. Still, Gill forged ahead, steadfastly refusing to dismiss the action. From this conduct, we conclude that the district court did not abuse its discretion by imposing Sec. 1927 sanctions on Gill.
 
 
 25
 4. Did The District Court Abuse Its Discretion By Finding That Gill Acted In Bad Faith?
 
 
 26
 Gill argues that the district court abused its discretion by refusing to acknowledge that Gill did not act frivolously or in bad faith. These factual arguments attempt to attach undue weight to certain facts. Gill points to these facts: 1) that his clients held a written license from Fred Williamson, the author, producer, proprietor named in the Copyright Notice on the film; 2) that the defendants' published advertising stating the film was "written, directed, and produced" by Fred Williamson; 3) that the Copyright Office issued a Certificate of Copyright Registration for the film to Fred Williamson; and 4) that the agreement between Ramano and Debro releasing the videocassette rights to Debro was signed by Lee B. Winkler and not Fred Williamson.
 
 
 27
 These arguments ignore the fact that prior to the suit ever being filed, Gill had information and advice given to him by Washington, D.C. counsel that would have led him to the correct facts surrounding the defendants' chain of title. Moreover, these arguments ignore the fact that defendants themselves provided Gill with all the information necessary to reach the conclusion that the claim was frivolous.
 
 
 28
 Thus, Gill's contention that the district court abused its discretion by finding that Gill had acted frivolously and in bad faith is meritless.
 
 
 29
 5. Was The District Court's Order Imposing Sanctions An Impermissible Disguised Attempt To Shift Fees?
 
 
 30
 Gill argues that the district court's order imposing sanctions was really a disguised attempt to shift fees. As discussed above, there was ample evidence that Gill acted frivolously and in bad faith. The court's initial decision purported to award fees under 17 U.S.C. Sec. 505, but the court set forth the facts surrounding Gill's conduct and found that "the plaintiffs had pursued the suit in bad faith and that the suit was frivolous." We hold that the district court's order is not an impermissible disguised attempt to shift fees.
 
 III
 CONCLUSION
 
 31
 The district court did not abuse its discretion by imposing sanctions on Appellant under Fed.R.Civ.P. 11 and Sec. 1927. Moreover, the district court followed this court's instructions as set forth in Neft and provided a clear and concise explanation of its reasons for the fee award as demonstrated by its thorough discussion of the Kerr factors. We affirm the district court's decision.
 
 WIGGINS, Circuit Judge, concurring separately:
 
 32
 I concur in the judgment of the district court, but I do not agree with the analysis of the majority. Hence, I write separately to explain my views.
 
 
 33
 We may affirm the judgment of the district court upon any grounds supportable by the record. Kruso v. I.T.T. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). Accordingly, we need not accept the arguments urged upon us by the parties.
 
 
 34
 Appellant protests the imposition of sanctions against him in the amount of $110,438.97. The sanction was imposed more than three and one half years after the judgment was entered, and was based upon the total amount of fees incurred by respondent's counsel.
 
 
 35
 The majority concluded that the action filed by appellant was frivolous and filed in bad faith. I agree. From this conclusion, the majority proceeds to impose sanctions against the appellant based upon F.R.C.P. 11 and 28 U.S.C. Sec. 1927. In doing so, I believe the majority erred; however, the sanction may be affirmed under the inherent power of the court to sanction attorneys who appear before it. I rest my concurrence upon the exercise by the district court of its inherent power.
 
 
 36
 In re Yagman, 796 F.2d 1165, 1183, amended 803 F.2d 1085 (9th Cir.1986) cautions against "punishing the offender after trial is at an end." This lesson from the Yagman case has not been scrupulously followed, see Community Elec. Serv., Inc. v. Nat'l Elec. Contractors Ass'n, 869 F.2d 1235, 1242 (9th Cir.), cert. denied, 493 U.S. 891 (1989), but we should not disregard it totally in this case. It would have been far better to reject the imposition of Rule 11 sanctions because they were imposed more than three and one-half years after judgment, and to rely upon an alternative basis for their imposition.
 
 
 37
 Section 1927 of Title 28 should not be such an alternative basis to sustain sanctions, however. As the majority disposition notes, Section 1927 authorizes the imposition of "excess costs, expenses, and attorneys' fees" against an attorney who multiplies the proceedings unreasonably and vexatiously. The present case shifts the total amount of attorneys' fees incurred by the respondent to the appellant as a sanction. We must conclude, therefore, that the appellant acted frivolously and in bad faith from the moment he served the complaint on respondent some three and one half years ago.
 
 
 38
 It is difficult to square the language of section 1927 with the district court's finding that the action was filed and prosecuted frivolously and in bad faith. The term "excess" must mean those expenses and attorneys' fees that are greater than otherwise would be appropriate. If so, the sanction must be calculated on the expenses and fees incurred beyond the normal amount. Here, the district court totalled all fees, not "excess" fees.
 
 
 39
 There is, however, an alternate basis for affirming the judgment: the inherent power of the district court to impose sanctions as a means of disciplining attorneys who appear before it. The power of the district court to do so is beyond question. Chambers v. NASCO, Inc., 111 S.Ct. 2123, 2134-36 (1991). We review the exercise of such power for an abuse of discretion. Id. at 2138; Lockary v. Kayfetz, 974 F.2d 1166, 1171 (9th Cir.1992), cert. denied, sub nom., Pacific Legal Found. v. Kayfetz, 113 S.Ct. 2397 (1993). The evidence before the district court establishes without question that there was ample basis for it to assert its inherent authority against appellant. Although I believe that, had I been the district judge, I may not have imposed a sanction of more than $110,000.00, I find no abuse of discretion in the district court viewing the matter differently.
 
 
 40
 Accordingly, I concur in the affirmance of the judgment, but not for the reasons stated by the majority.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3