PHONOMETRICS, INC.
Plaintiff–Appellant,

v.

HOSPITALITY FRANCHISE SYSTEMS, INC., (now known as Cendant Corporation) Defendant–Appellee,

and

Motel 6, L.P., and Vagabond Inns, Inc., Defendants–Appellees,

and

Interstate Hotels Corporation, Defendant–Appellee,

and

Aston Hotels and Resorts, Defendant–Appellee,

and

Fairmont Hotel Management Company, Defendant–Appellee,

and

Clubhouse Inns of America, Defendant–Appellee,

and

Economy Inns of America, Defendant–Appellee,

and

Amfac Resorts, Defendant–Appellee,

and

Benchmark Hospitality, Defendant–Appellee,

and

Chase Management Corporation, Defendant–Appellee,

and

Outrigger Lodging Services, Defendant–Appellee,

and

Colony Hotels & Resorts (now known as RHI Hotels, Inc.), and Red Lion Hotels & Inns, Defendants–Appellees,

and

Park Lane Hotels International, Defendant–Appellee,

and

SRS Hotels, Four Seasons Hotels, Westcoast Hotels, Nikko Hotels, International, EZ–8 Motel, Inc., Nendels Corporation, Summerfield Suites Hotels, Grosvenor Hotels Group, Pan Pacific Hotels and Resorts, Ana Hotels International, Inncal, Inc., Raphael Hotel Group, Coastal Hotel Group, and Andrew Hotel Management Company, Defendants.

No. 99–1086.

United States Court of Appeals, Federal Circuit.

Feb. 9, 2000.

John P. Sutton, Bryan, Hinshaw & Barnet, of San Francisco, California, argued for plaintiff-appellant.

Donald S. Showalter, Holland & Knight, LLP, of Ft. Lauderdale, Florida, of counsel for Clubhouse Inns of America, argued for all defendants-appellees. On the brief were J. Bruce McCubbrey, and Gary L. Benton, Coudert Brothers, of San Francisco, California for Red Lion Hotels & Inns and RHI Hotels, Inc.; Leslie J. Lott, Lott & Friedland, P.A., of Coral Gables, Florida, for Aston Hotels & Resorts; Richard M. Blau, Holland & Knight LLP, of Tampa, Florida, for Clubhouse Inns of America; Nathan Lane, III, Graham & James, LLP, of San Francisco, California, for Interstate Hotels Corporation; Jonathan R. Bass, Coblentz, Patch, Duffy and Bass, LLP, of San Francisco, California, for Fairmont Hotel Management Company; Shauna Weeks, Arnold & Porter, of Los Angeles, California, for Economy Inns of America; C. Hopkins Guy, III, Orrick, Herrington & Sutcliffe, of Menlo Park, California, for Hospitality Franchise Systems, Inc. (now known as Cendant Corporation); Noemi C. Espinosa, Brobeck, Phleger & Harrison, of Palo Alto, California, for Chase Management Corporation; Stephen Kaus, Cooper, White & Cooper, of San Francisco, California, for Park Lane Hotels International; David E. Bergquist, Hillyer & Irvin, of San Diego, California, for Benchmark Hospitality; William E. Crockett, Greenberg & Bass, of Encino, California, for Outrigger Lodging Services. Not on the brief, representing AMFAC Resorts was Frederick Brown, Orrick, Herrington & Sutcliffe, of San Francisco, California. Of counsel for RHI Hotels Inc.

**792**

were Jeffrey G. Benz and Eric N. Hoover, Coudert Brothers, of San Francisco, California; of counsel for Aston Hotels and Resorts was David K. Friedland, Lott & Friedland, P.A., of Coral Gables, Florida.

Before RADER, Circuit Judge, SKELTON, and ARCHER, Senior Circuit Judges.

PER CURIAM.

The United States District Court for the Southern District of Florida dismissed the patent infringement claims of Phonometrics, Inc. (Phonometrics) against Hospitality Franchise Systems, Inc. and the other hotel operators (collectively, Hotels) under Fed.R.Civ.P. 12(b)(6). Because Phonometrics' complaint met the liberal pleading requirements of Rule 12(b)(6), this court reverses and remands.

## I.

Phonometrics is the owner of United States Patent No. 3,769,463 ('463 patent). The '463 patent covers an apparatus for automatically computing and recording the cost of a long distance telephone call. Phonometrics sued Hotels for infringing the '463 patent. This court has twice previously construed the claims of the '463 patent. *See Intellicall, Inc. v. Phonometrics, Inc.*, 952 F.2d 1384, 21 USPQ2d 1383 (Fed.Cir.1992); *Phonometrics v. Northern Telecom, Inc.*, 133 F.3d 1459, 45 USPQ2d 1421 (Fed.Cir.1998) (*Phonometrics I* and *Phonometrics II*, respectively).

During the pendency of *Phonometrics I* and *Phonometrics II*, the district court stayed the proceedings in this case. After this court issued its opinion in *Phonometrics II*, the district court, *sua sponte*, dismissed Phonometrics' claims against Hotels under Rule 12(b)(6). In its order, the district court required Phonometrics to include express allegations of infringement of each claim element in accordance with this court's interpretation of those elements in *Phonometrics I* and *Phonometrics II*. To do so, the district court granted Phonometrics twenty days' leave to amend its complaint.

In *Phonometrics I*, this court explained that the term "digital display," as used in claim 1 of the '463 patent,[1] encompasses only human readable, not machine readable, displays. *See Phonometrics I*, 952 F.2d at 1387. In *Phonometrics II*, this court explained that the phrase "substantially instantaneous" means that the "register displays cumulated costs as they accrue, in real time, and not only once the call has ended." *Phonometrics II*, 133 F.3d at 1465. In its order, the district court essentially required that Phonometrics specifically allege that Hotels use apparatuses that include human readable displays and that the displays show cumulated costs as they accrue in real time.

Rather than amend its complaint, Phonometrics immediately appealed the district court's order to this court. On appeal, the parties raise two issues. First, whether this court has jurisdiction to hear this case. Second, whether the district

1. An electronic solid state long-distance telephone call cost computer apparatus for computing and recording the cost of each long-distance telephone call initiated from a given calling telephone, actuated by the lifting and replacement of the calling telephone to operate switch means coupled to the calling telephone, and further actuated by a call-completion signal generated in the telephone system when a called party answers at a called telephone, the computer apparatus comprising:

\* \* \* \* \* \*

call cost register means, including a *digital display,* for providing a *substantially instan-*

*taneous* display of cumulative call cost in dollars and cents;

\* \* \* \* \* \*

'463 patent, col. 8, ll. 24–43 (emphasis added).

court erred in dismissing Phonometrics' complaint for failure to state a claim.

## II.

On the question of jurisdiction, Hotels argue that this court lacks jurisdiction to hear this case because Phonometrics filed its notice of appeal after the district court dismissed the complaint, but before the period for leave to amend had expired. Thus, Hotels argue, Phonometrics did not appeal from a final judgment. *See* 28 U.S.C. § 1295 (1994). In reviewing district court judgments in patent cases, this court applies its own law on patent law issues, but with respect to nonpatent issues it generally applies the law of the circuit in which the district court sits. *See Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359, 50 USPQ2d 1672, 1675 (Fed.Cir.1999) (*en banc* in relevant part). Because the finality of the dismissal in this case is a procedural issue not related to patent law, this court applies the law of the regional circuit, the Eleventh Circuit. *See id.*

Generally, a dismissal with leave to amend is not an appealable final judgment under 28 U.S.C. § 1295. *See Jung v. K.D. Mining Co.*, 356 U.S. 335, 78 S.Ct. 764, 2 L.Ed.2d 806 (1958). However, the United States Court of Appeals for the Eleventh Circuit has held that dismissal orders with leave to amend, such as the one in this case, become final as of the end of the amendment period granted by the district court. *See Schuurman v. Motor Vessel "Betty K V"*, 798 F.2d 442, 445 (11th Cir. 1986). Eleventh Circuit law also provides that a plaintiff may even appeal a dismissal with leave to amend before the expiration of the amendment period granted by the district court, provided that the plaintiff stands on his complaint as dismissed. *See Briehler v. City of Miami*, 926 F.2d 1001, 1003 (11th Cir.1991). In the instant case, like in *Briehler*, Phonometrics filed its notice of appeal before entry of final judgment. Then, within thirty days of Phonometrics' filing of its notice of appeal the district court entered final judgment, dismissing the case. Technically, Phonometrics appealed before entry of final judgment, but nevertheless fell within the Eleventh Circuit's rule in *Briehler*.

Phonometrics' premature notice of appeal put Hotels on notice of Phonometrics' intention to stand on its complaint, and to appeal the final judgment which the district court entered soon thereafter. The Hotels have not identified any prejudice suffered as a result of the premature filing of the notice of appeal. Therefore, based on the lack of prejudice to Hotels and the Eleventh Circuit's rule in *Briehler*, this court holds that Phonometrics' appeal to this court was timely and not jurisdictionally barred under 28 U.S.C. § 1295. To deny jurisdiction at this stage would spin judicial wheels for no practical purpose.

## III.

The second issue in this case asks whether the district court erred in dismissing for failure to state a claim upon which relief can be granted under Rule 12(b)(6). To review a purely procedural question not pertaining to patent law, such as whether a Rule 12(b)(6) motion was properly granted, this court again applies the rule of the regional circuit, the Eleventh Circuit. *See Midwest*, 175 F.3d at 1359; *cf. Marquip, Inc. v. Fosber Am., Inc.*, 198 F.3d 1363, 53 USPQ2d 1015, 1020 (Fed.Cir.1999). The United States Court of Appeals for the Eleventh Circuit reviews dismissals under Rule 12(b)(6) *de novo. See Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1387 (11th Cir.1998). The Eleventh Circuit presumes the truth of allegations in a complaint and liberally construes complaint terms in favor of the plaintiff. *See Municipal Utils. Bd. v. Alabama Power Co.*, 934 F.2d 1493, 1500 (11th Cir.1991).

The Eleventh Circuit has made clear that the dismissal standard is extraordinary, and one not to be taken lightly. *See Brooks v. Blue Cross & Blue Shield of*

*Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997) ("A complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory.... We hasten to add that this motion is viewed with disfavor and rarely granted.... Dismissal of a claim on the basis of barebone pleadings is a precarious disposition with a high mortality rate.") (citations omitted).

In the landmark case of *Conley v. Gibson*, the Supreme Court explained:

[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this. Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.... The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson*, 355 U.S. 41, 47–48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Supreme Court's and Eleventh Circuit's high standards for dismissal under Rule 12(b)(6) are clearly not met by the facts of this case.

■ The Rule 12(b)(6) pleading requirements for a complaint of infringement cannot be extended to require a plaintiff to specifically include each element of the claims of the asserted patent. Such requirements do not require a patentee to amend its claims to include specific allegations about each limitation once a court has construed the claims of the patent. To impose such requirements would contravene the notice pleading standard, and would add needless steps to the already complex process of patent litigation. Instead, a patentee need only plead facts sufficient to place the alleged infringer on notice. This requirement ensures that an accused infringer has sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself.

■ In this case, Phonometrics' complaint alleges ownership of the asserted patent, names each individual defendant, cites the patent that is allegedly infringed, describes the means by which the defendants allegedly infringe, and points to the specific sections of the patent law invoked. Thus, Phonometrics' complaint contains enough detail to allow the defendants to answer. Rule 12(b)(6) requires no more. *See Canadyne–Georgia Corp. v. Nations-Bank, N.A. (South)*, 183 F.3d 1269, 1275–76 (11th Cir.1999) ("[T]he Federal Rules 'do not require a claimant to set out in detail the facts upon which he bases his claim.' ... [A] motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim.") (citations omitted). This court discerns no reason that a plaintiff in a patent suit should face the requirement of rewriting its complaint each time a ruling in the case is issued. A rule of that nature would add many meaningless steps to the litigation process.

This court, aware of the long history of this case, has great confidence in the district court's understanding of this case. As a matter of procedure, however, the liberal pleading standards of Rule 12(b)(6) do not permit dismissal of Phonometrics' complaint for failure to state a claim. Thus, this court remands to the district court for further proceedings.

COSTS

Each party shall bear its own costs.

*REVERSED AND REMANDED.*