Lawrence N. SPARKS, Plaintiff–
Appellant,

v.

EASTMAN KODAK COMPANY,
Defendant–Appellee.

No. 00–1049.

United States Court of Appeals,
Federal Circuit.

Decided: Oct. 31, 2000.

Rehearing Denied Nov. 15, 2000.

Lawrence N. Sparks, of San Diego, California, pro se.

James L. Wamsley, III, Jones, Day, Reavis & Pogue, of Cleveland, Ohio, for defendant-appellee.

Before LOURIE, RADER, and LINN, Circuit Judges.

LOURIE, Circuit Judge.

### ORDER

Eastman Kodak Company ("Kodak") moves for an assessment of damages for a frivolous appeal* in this case, which we affirmed without opinion on September 6, 2000. *Sparks v. Eastman Kodak Co.*, No. 00–1049, 2000 WL 1273499 (Fed.Cir.2000) (judgment without opinion). We deny Kodak's motion, but take advantage of the opportunity to comment on the concept of frivolous appeals.

■ Kodak asserts that our having decided this case without a written opinion justifies an award of sanctions. We disagree. This case, like some others we hear, was an easy one to decide. The trial court's explanation for its decision was clear and sound and no useful purpose would have been served by our writing an opinion. By our entry of judgment without opinion, under Federal Circuit Rule 36, the parties were promptly notified of the results of the appeal and allowed to go on with their business without any extended delay. *See* Fed. Cir. R. 36 (allowing entry of a judgment of affirmance without opinion when certain conditions exist and an opinion would have no precedential value). Such a disposition indicates our view that the appeal lacked merit, but not necessarily that it was frivolous.

If we were to award damages for a frivolous appeal in all cases which we felt had little merit, such as those we decide under rule 36, we would be assessing substantial damages. That is not our practice, at least currently. No doubt, if that were our practice, many poor appeals would not be brought, the courts would be less congested, and meritorious cases would receive more prompt hearings and decisions. However, parties who lost their

cases in a lower tribunal would be seriously deterred from pursuing an appeal, which, to the intermediate appellate court level, is usually a matter of right. Such an appeal provides an opportunity for another tribunal, consisting of more judges than the number of judges who decided the case originally, to determine whether the first tribunal erred. This is especially so, in cases such as the present one, when the issue appealed is claim construction, one of law, which this court reviews *de novo. Cybor Corp. v. FAS Technologies, Inc.*, 138 F.3d 1448, 1456, 46 USPQ2d 1169, 1172 (Fed.Cir.1998) (en banc).

■ Our legal system is thus currently biased toward maintaining open courts rather than deterring appeals. It favors the allowance of appeals, even in cases having little chance for success, without subjecting appellants to an undue risk of damages for a frivolous appeal. *See Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1578, 17 USPQ2d 1914, 1917–18 (Fed.Cir. 1991) ("[A]n appellate court must be mindful of the possibility that awarding damages and costs could have an undue chilling effect on the behavior of later litigants .... sanctions should not be imposed so freely as to make parties with legitimately appealable issues hesitant to come before an appellate court.").

■ That being the case, in our view, a frivolous appeal must be more than one that has little merit. *Id.* (citing *Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1554, 220 USPQ 193, 203 (Fed.Cir.1983)). We have previously identified two types of appeals that may be deemed frivolous. First, an appeal is considered "frivolous as filed" when an appellant has raised issues that are beyond the reasonable contemplation of fair-minded people, and "no basis for reversal in law or fact can be or is even arguably shown." *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 948 F.2d 1573, 1578, 20 USPQ2d 1738, 1742 (Fed.Cir.1991) (quoting *Connell*, 722 F.2d at 1554, 220 USPQ at 203). Second, an appeal is considered "frivolous as argued" when an ap-

* *See* Fed. R.App. P. 38.

pellant has not dealt fairly with the court, has significantly misrepresented the law or facts, or has abused the judicial process by repeatedly litigating the same issue in the same court. *See, e.g., Romala Corp. v. United States,* 927 F.2d 1219, 1222–25 (Fed.Cir.1991); *Finch,* 926 F.2d at 1579 (identifying specific examples of such misconduct).

 Counsel for Kodak in this case, in arguing for sanctions, asserts that Sparks raised arguments before us that were the same as those rejected by the district court. That is hardly a ground for a conclusion of frivolousness. The whole point of an appeal is to claim that the court below erred in its conclusion as to arguments raised. An appellant may assert the arguments raised below, but must point out how and why the lower tribunal incorrectly evaluated them. *See Connell,* 722 F.2d at 1554, 220 USPQ at 203 (imposing sanctions for a frivolous appeal when appellant solely relied on arguments made below without identifying any legal error).

We regret the fact that non-meritorious appeals are brought as much as do winning appellees. However, the doors of the courthouse must remain open for losing appeals as well as winning appeals. We accordingly deny Kodak's motion.

IT IS ORDERED THAT:

Kodak's motion for an assessment of damages for a frivolous appeal is denied.