PAULINE NEWMAN, Circuit Judge,
dissenting.
My colleagues on this panel have written a powerful indictment of Phonometrics and its counsel, charging them retrospectively with knowledge of future losses, and blaming them for not withdrawing all litigation upon receiving unpublished nonpreceden-tial decisions of this court in other cases. The panel now gives weight to these unpublished nonprecedential decisions, as if they were of retrospective force and effect. A punitive award requires less ambiguous support.
The panel majority also broadens the scope of the court’s 1992 decision in Intellicall, Inc. v. Phonometrics, Inc., 952 F.2d 1384 (Fed.Cir.1992) (involving pay phones), although in 1998 in Phonometrics, Inc. v. Northern Telecom Inc., 133 F.3d 1459 (Fed.Cir.1998), the court relegated that scope of Intellicall to “dictum,” and declined to apply it. The court today enlarges both Intellicall and Northern Telecom, stating that they control the decision as to hotel systems, despite the court’s past holdings that Intellicall did not control as to Northern Telecom, and that Northern Telecom did not control as to hotel systems.
At the time the current appeal was filed, there had been no precedential decision which considered the question of infringement of the '463 patent by hotel defendants. The first and only such precedential decision on the merits of infringement by hotels is Phonometrics, Inc. v. Westin Hotel Co., 319 F.3d 1328 (Fed.Cir.2003), which arose from the same district court case as is now before us. There had been an earlier prece-dential decision in Phonometrics, Inc. v. Hospitality Franchise Systems, Inc., 203 F.3d 790 (Fed.Cir.2000), wherein this court refused to uphold the district court’s dismissal under Rule 12(b)(6) as to the hotel defendants.
On this history, I must, respectfully, dissent from the assessment of sanctions, retrospective to 1998, based on nonpreceden-tial decisions involving different classes of defendants.
I
The majority opinion mentions by footnote the Hospitality Franchise Systems case, cited supra, the only prior published decision involving a hotel defendant. The issue was the adequacy of Phonometrics’ claim under Rule 12(b)(6), and this court decided in favor of Phonometrics, holding that dismissal for failure to state a claim was improper and remanding for determination of the merits. Thus in Hospitality this court ruled (precedential^) in favor of Phonometrics, although Phonometrics had refused to amend its complaint to adopt the Intellicall and Northern Telecom claim constructions. This court stated that “a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim.” Hospitality, 203 F.3d. at 794 (quoting Canadyne-Georgia Carp. v. NationsBank, N.A (South), 183 F.3d 1269, *1200 1275-76 (11th Cir.1999)). This court rejected the position that there was no state of facts that could entitle Phonometrics to relief.
Ultimately, the Hospitality case was decided against Phonometrics; it was affirmed under Fed. Cir. R. 36, that is, without opinion. The only appellate decision with an opinion on the merits of the hotel cases is the non-precedential decision in Phonometrics, Inc. v. Choice Hotels International, Inc., 21 Fed.Appx. 910, 2001 WL 1217219 (Fed.Cir.2001).[1] A non-prece-dential decision is of course binding on the parties, but a decision that the court withholds from precedential effect surely does not have the force needed to engender sanctions for other litigation against other defendants whose infringement posture was then unclear.
The Federal Circuit’s decision involving the present hotel defendant was the first precedential decision that decided the merits of the issue of infringement by a hotel. Westin, 319 F.3d at 1334. This is the very case for which sanctions are here imposed. However, the court makes the sanctions retroactive to the 1998 decision in Northern Telecom, apparently on the premise that it is now clear that the present case should have been abandoned five years ago. However, it was surely less clear five years ago.
Although the panel majority corrects the calculation to exclude the portion of attorney fees attributable to this court’s reversal of the district court’s dismissal under Rule 12(b)(6), decided sub nom. Phonometrics, Inc. v. ITT Sheraton Corp., 2000 WL 286624 (Fed.Cir. Mar.16, 2000) (non-precedential), and to this court’s vacatur of the accompanying award of attorney fees, Phonometrics, Inc. v. ITT Sheraton Corp., 232 F.3d 914 (Table), 2000 WL 576492 (Fed.Cir. Apr.14, 2000) (non-precedential), the panel majority nonetheless assesses sanctions for earlier as well as later actions involving Westin Hotel. It is surely inappropriate to assess sanctions from the 1998 decision of Northern Telecom, when the dismissal for failure to state a claim was reversed in Hospitality in 2000.
As I have observed, in Northern Tele-com this court distinguished its earlier broad claim construction in Intellicall as “merely dictum,” refusing to enlarge that decision to reach any other application:
The district court held, and we agreed, that the limitation “digital display” does not include machine readable devices, or information given to a computer for later access. Any construction of other limitations in claim 1, including any construction of those limitations at issue here, that we or the district court made in Intellicall was merely dictum, and therefore has no issue preclusive effect for this appeal.
Northern Telecom, 133 F.3d at 1464 (citations omitted). Thus, even though infringement of claim 1 was at issue in both Intellicall and Northern Telecom, after Northern Telecom the parties and the public were left with, at best, ambiguity as to the application of the claim construction to related systems. In view of this lack of clarity, the imposition of sanctions starting before the merits of any hotel display issue had been decided, and well before this court’s first and only precedential ruling on the merits of this issue, Phonometrics’ maintenance of its hotel suits does not rise to the level of sanctionable behavior. The district court’s contrary holding was an abuse of discretion, see Cybor Corp. v. FAS Technologies, Inc., 138 F.3d 1448, *1201 1460 (Fed.Cir.1998), and should not be sustained.
II
The district court awarded attorney fees against Phonometrics under 35 U.S.C. § 285 and against counsel under 28 U.S.C. § 1927, and assessed joint and several liability. With respect to § 1927, this litigation, although unsuccessful, was not shown to have been handled unreasonably, uneconomically, or in bad faith by counsel. The criteria of unreasonable and vexatious litigation are not met. This court has stated:
Our legal system is thus currently biased toward maintaining open courts rather than deterring appeals. It favors the allowance of appeals, even in cases having little chance for success, without subjecting appellants to an undue risk of damages for a frivolous appeal.
Sparks v. Eastman Kodak Co., 230 F.3d 1344, 1345 (Fed.Cir.2000). It is not appropriate now to award sanctions as punishment for the pursuit of litigation before there was a precedential appellate ruling on the merits. The § 1927 sanctions were inappropriately levied.
Persuasive precedent supports the position that, absent egregious conduct of counsel, attorney fees under § 285 are not properly assessed against counsel. Attorney fee sanctions are rarely assessed in routine civil actions, lest the chilling effect of threatened punishment of the lawyer inhibit an aggrieved party’s access to assistance. The Second Circuit stated in Healey v. Chelsea Resources Ltd., 947 F.2d 611, 624 (2d Cir.1991): “When a fee-shifting statute that authorizes the courts to award attorneys’ fees to prevailing parties does not mention an award against the losing party’s attorney, the appropriate inference is that an award against attorneys is not authorized.” Similarly in Neft v. Vidmark, Inc., 923 F.2d 746, 747 (9th Cir. 1991), the court reversed the award of attorney fees against a party and counsel jointly and severally, when there was no indication “that Congress intended [the statute] to be a means of imposing sanctions on attorneys.”