**DREAMLITE HOLDINGS LIMITED, Koritza Investments Limited, Alan Lawson and Paul Adams, Plaintiffs–Appellees,**

v.

**Gary S. KRASER and Supercar Limited, Defendants–Appellants.**

**Appeal of SUPERCAR INTERNATIONAL, LTD., and Albert Yaboni.**

**No. 89–1324.**

United States Court of Appeals, Federal Circuit.

Nov. 28, 1989.

Mary Ann Mullen, Curtis, Morris & Safford, P.C., New York City, argued for plaintiffs-appellees. With her on the brief were William F. Lawrence and Pasquale A. Razzano.

Jonathan C. Scott, St. James, N.Y., submitted for defendants-appellants.

Before MARKEY, Chief Judge, FRIEDMAN, Senior Circuit Judge,[*] and MAYER, Circuit Judge.

MARKEY, Chief Judge.

Gary S. Kraser (Kraser), Supercar Limited (Supercar), Supercar International, Ltd. (International) and Albert Yaboni (Yaboni) appeal from an enforcement order of the United States District Court for the Eastern District of New York (Nickerson, J.), No. CV–88–2957, lifting an automatic stay of proceedings against Supercar and granting remedies of seizure and attachment. Dreamlite Holdings Limited, Koritza Investments Limited, Alan Lawson and Paul Adams (collectively Dreamlite) seek costs and attorney fees. We affirm the order appealed from and impose sanctions.

## I. BACKGROUND

Kraser is the director and sole shareholder of Supercar. On September 20, 1988, Kraser incorporated International. Yaboni is an employee of both corporations. International is the alter ego of Supercar, operating on the same business premises with the same employees pursuing the same business purpose of manufacturing and selling lighters disclosed and claimed in United States Patent No. 4,522,583 ('583).

On September 23, 1988, Dreamlite sued Kraser and Supercar for: (1) breach of exclusive license agreements; (2) tortious interference with those agreements; (3) breach of fiduciary duty; and (4) declarato-

---

[*] Judge Friedman took senior status on November 1, 1989.

ry judgment of license validity. On October 3, 1988, Dreamlite added a patent infringement claim.

On October 14, 1988, the district court enjoined Kraser and Supercar from infringing the '583 patent. *Dreamlite Holdings Limited v. Kraser*, 705 F.Supp. 98, 9 USPQ2d 1401 (E.D.N.Y.1988), *aff'd*, 878 F.2d 1446 (Fed.Cir.1989). That injunctive order further prohibited certain specified conduct and mandated the delivery of certain specified property to Dreamlite.

On October 30, 1988, Kraser and Supercar appealed from the injunctive order. This court affirmed on June 15, 1989.

Kraser and Supercar simply disregarded the injunctive order. They continued to engage in the prohibited conduct and did not deliver the property. Supercar filed for bankruptcy, and Kraser substituted International in the role previously played by Supercar. Dreamlite hired an investigator, Joseph Aglione, who reported by affidavit that International was using Supercar's business address, Supercar's employees (Yaboni in particular), and Supercar's phone listing. Representing himself as a carwash owner, Aglione met with Yaboni, who sold him infringing lighters and offered him an exclusive distributorship for the Staten Island area. Yaboni told Aglione that International is wholly owned by Kraser, is licensed under the '583 patent, and has the sole business purpose of manufacturing and selling the lighters.

Kraser and Supercar also disregarded court orders compelling discovery. After Kraser's repeated delays in complying with discovery requests, the district court ordered expedited discovery on October 14, 1988. Kraser refused to bring requested documents to his deposition and refused to answer questions before and after being directed to do so by the court.

Upon motion with accompanying affidavits, the district court on January 26, 1989 entered an enforcement order providing, *inter alia*, for seizure of certain materials including:

all books, records, lighters, parts, toolings, product molds, product prototypes, product displays, promotional material and all other documents, records or property relating to the manufacture, promotion or sale of miniature automobile cigarette lighters, including all such documents or records that are computerized and a personal computer located on such premises to the extent that it contains records relating to the foregoing

and for attachment of:

all bank accounts and other property of Supercar, Kraser, Supercar International and Yaboni, including all accounts at Citibank and Roosevelt Savings Bank ... to the extent of five hundred thousand dollars until further order of this Court.

To the extent necessary to effectuate its enforcement order, the district court lifted the automatic stay otherwise shielding Supercar as a petitioner in bankruptcy. The court also made the $50,000 bond posted in relation to the injunctive order applicable to its enforcement order.

## II. OPINION

Appellants proffer numerous arguments, all utterly devoid of merit. Shorn of hyperbole and duplication, appellants' arguments are: 1) the district court lacked jurisdiction to issue its enforcement order after notice of appeal of the injunctive order; 2) the district court lacked power to lift the stay triggered by the bankruptcy proceeding; 3) Dreamlite failed to show cause for lifting that stay; 4) Dreamlite failed to show irreparable damage; 5) lifting the stay without notice deprived appellants of due process; 6) remedies pursuant to state law conflict with and are preempted by bankruptcy law; 7) the district court lacked power to enforce its injunction against nonparties International and Yaboni; and 8) Dreamlite's $50,000 bond is insufficient.

Dreamlite's brief fully explored each of appellants' arguments, explicating the lack of support for each in the record and the absolute absence of support for each in the law, and irrefutably demonstrating the frivolity of this appeal. Appellant's reply brief improperly repeats the arguments in their main brief and ignores rather than counters Dreamlite's assertions on the

facts and the applicable law. Having carefully considered all that has been presented on both sides in light of the entire record, we see no need for lengthy discussion here of appellants' arguments but deem it sufficient to refer appellants to Dreamlite's brief.

Among the numerous facts relied upon by the district court in issuing its enforcement order, and simply ignored here by appellants, perhaps the most glaring is appellants' disobedience of the injunctive order. Nowhere do appellants deny that they continued selling lighters in violation of the injunction and nowhere do they even attempt to challenge the evidence of their intransigence.

Additionally, appellants have attempted throughout to mislead this court. Using half-truths and direct misstatements of fact, appellants have demonstrated an unconscionable disrespect for this court and for the judicial process. Among appellants' misrepresentations shown by the record to be unsupported and untrue are: 1) Dreamlite has no permission to use "Dreamlite"; 2) "Dreamlite" was misappropriated by Lawson and Adams; 3) Dreamlite is a corporation formed by Lawson and Adams to avoid taxes; 4) the record contains no indication that Kraser was notified that stock could be delivered to a nominee in the Channel Islands; and 5) the record contains no indication of delivery of an executed licensing agreement.

One of appellants' few attempts to respond to Dreamlite's assertions further illustrates their willingness to abuse the judicial process through attempts to trick and mislead this court. Dreamlite said Kraser had not cooperated with discovery orders. Appellants responded, repeatedly, with the bald statement that Dreamlite was misstating because "Kraser was examined four times." The record clearly establishes that four examinations were required precisely because of Kraser's repeated and continued-to-this-day refusals to answer proper questions and to produce discoverable documents.

After oral argument had been rescheduled to accommodate him, appellants' attorney failed to appear for argument before this court. The attorney thereafter, without leave, circumvented the rules of this court by lodging a letter concerning Dreamlite's oral argument.

That appellants found it necessary to misrepresent the facts and the law confirms the frivolousness of this appeal. Fully aware of the seriousness of that appellation, we have looked in vain for even a colorable basis on which it could be said that the appeal had some chance of success or involved a good faith effort to change the law.

Filing and prosecuting this frivolous and vexatious appeal has had, and from its outset could only have had, the effect of continuing appellants' campaign of noncompliance with legitimate orders of the district court. That noncompliance has now been continued since October 14, 1988 and must stop.

Accordingly, we award to Dreamlite its attorney fees and twice its costs expended in responding to this appeal. Fed.R.App.P. 38; 28 U.S.C. § 1927 (1982); *see Amstar Corp. v. Envirotech Corp.*, 730 F.2d 1476, 1486, 221 USPQ 649, 657 (Fed.Cir.), *cert. denied*, 469 U.S. 924, 105 S.Ct. 306, 83 L.Ed.2d 240 (1984). Appellants and their attorney, Jonathan C. Scott, are jointly and severally liable to Dreamlite for the award. *See Porter v. Farmers Supply Serv., Inc.*, 790 F.2d 882, 887, 229 USPQ 814, 818 (Fed. Cir.1986). Further filings on behalf of appellants or their attorney will not be accepted until the award is paid in full and satisfactory proof thereof has been furnished to this court.

## CONCLUSION

The order appealed from is affirmed in all respects. Appellants and Jonathan C. Scott are jointly and severally liable to Dreamlite for the latter's attorney fees and double its costs expended in connection with this appeal.

AFFIRMED.