Herbert J. ABBS and Peter J. Wisner,
Claimants–Appellants,

v.

Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.

No. 99–7112.

United States Court of Appeals, Federal Circuit.

Jan. 26, 2001.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimants-appellants.

Christian J. Moran, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent-appellee.

Before MICHEL, RADER, and LINN, Circuit Judges.

MICHEL, Circuit Judge.

Herbert J. Abbs and Peter J. Wisner appeal the United States Court of Appeals for Veterans Claims ("Veterans Court") April 14, 1999 decision denying their application for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), Pub.L. No. 96–481, Tit. II, 94 Stat. 2321, 2327 (1980), codified at 28 U.S.C. § 2412. Their application followed our reversal of a ruling of the Veterans Court in an unrelated case. We heard oral argument in this appeal on December 6, 2000. Because the decision of the Veterans Court was based upon a correct construction of the EAJA, we affirm the Veterans Court decision. Because this appeal is frivolous as filed and as argued, however, we impose sanctions pursuant to Fed. R.App. P. 38 and hold appellants' attorney personally liable to the United States for its costs excluding attorney fees incurred in defending this frivolous appeal.

## Background

The facts of Wisner's and Abbs' cases are substantially similar. On April 8, 1997, the Board of Veterans' Appeals ("Board") found that Wisner had failed to present "new and material" evidence to reopen a previously and finally disallowed claim of service-connection for a psychiatric disorder. On May 5, 1997, Wisner appealed pro se the Board's decision. In a separate but related case, on August 15, 1997, Abbs appealed pro se the Board's May 20, 1997 decision finding that new and material evidence had not been presented to reopen his previously and finally disallowed claim for service-connection for a chronic nervous disorder. In both decisions, the Board relied on the test for materiality set forth in *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). In *Colvin*, the Veterans Court interpreted 38 U.S.C. § 5108, Pub.L. No. 100–687, Div. A, Tit. I, § 103(a)(1), § 3008, 102 Stat. 4107 (1988), renumbered § 5108 (as amended), disregarding the applicable regulation, 38 C.F.R. § 3.156(a) (1994), to determine the test for new and material evidence. *Id.* Both claimants appealed the Board's decision.

On September 16, 1998, while the appeals were pending before the Veterans Court, this court, in *Hodge v. West*, 155

F.3d 1356 (Fed.Cir.1998), overruled the *Colvin* test and held that the Secretary's definition of new and material evidence as set forth in 38 C.F.R. § 3.156(a) must be applied in determining whether a veteran has submitted new and material evidence. *Id.* at 1361. On October 2, 1998, Wisner filed a motion to remand his case back to the Board in light of our decision in *Hodge*. On October 7, 1998, the Veterans Court vacated the Board's decision and remanded the case. On October 8, 1998, the Veterans Court granted the Secretary's unopposed motion to vacate and remand Abbs' case to the Board.

Wisner filed a timely motion in the Veterans Court for an award of reasonable attorney fees under the EAJA in the amount of $4,627.76 on October 30, 1998. On November 5, 1998, Abbs filed an application seeking attorney fees in the amount of $3,839.50.

On December 29, 1998, the Veterans Court, *sua sponte*, ordered that Wisner's and Abbs' cases be consolidated for concurrent consideration of the appellants' applications for attorney fees and expenses and submitted to a panel without oral argument. Appellants alleged that because the Veterans Court's position in deciding *Colvin* directly contravened the Supreme Court's decision in *Chevron v. Natural Res. Def. Council,* 467 U.S. 837, 842, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), requiring deference to an agency's reasonable interpretation of a statute, the position of the Veterans Court was not "substantially

justified." [1] "As a result of the [a]gency's reliance upon *Colvin,*" appellants argued, "it was necessary for the [a]ppellants to appeal their case to the [Veterans Court]. The denial of reopening and the subsequent appeal to the [Veterans Court] would not have been necessary but for the [Veterans Court's] erroneous holding in *Colvin.*" Reply Brief of Appellants at 3.

On April 14, 1999, a three judge panel of the Veterans Court denied appellants' request for attorney fees under the EAJA. The Veterans Court held that the Veterans Court is not an "agency" of the United States for EAJA purposes. The court did not reach the question of whether the Veterans Court's *Colvin* materiality test regarding the reopening of previously and finally disallowed claims viewed in light of 38 C.F.R. § 3.156(a) was "substantially justified." Appellants filed a timely appeal to this court on July 14, 1999. Both appellants are represented by the same attorney, Mr. Kenneth Carpenter, as they were before the Veterans Court.

### Analysis

Pursuant to 38 U.S.C. § 7292(a) (1994), we have jurisdiction to review a decision of the Veterans Court only "with respect to the validity of any statute or regulation . . . or interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans Court] in making its decision." The Veterans Court's construction of a statute, such as

---

1. In their appeal, appellants had two arguments, one of which has since been abandoned by appellants in light of our decision in *Clemmons v. West,* 206 F.3d 1401 (Fed.Cir. 2000). Appellants argued that they were the "prevailing party" for purposes of the EAJA, since the Board's decision applying the *Colvin* test had been vacated and remanded. Appellants alleged that the Secretary's position was not substantially justified because the Secretary should defend his own regulation in the face of contrary Veterans Court precedent. In *Clemmons,* we noted that there is no statutory requirement that the Secretary appeal from the Veterans Court's decision that is arguably inconsistent with its own regulations. *Id.* at 1403. Absent such a legal claim,

we said, Clemmons' appeal was reduced to a request that we review a Veterans Court's determination that the Secretary's litigating position was substantially justified. *Id.* We held that we did not have jurisdiction to decide the issue. *Id.* The " 'quintessentially discretionary' inquiry" on whether the position of the United States is substantially justified "involves a determination of facts and the application of the substantially justified standard of the [EAJA] to those facts," an act which we are explicitly prohibited by statute from undertaking. *Id.* (internal citation omitted). The appellant in *Clemmons* was represented by Mr. Carpenter, the attorney in this case.

the EAJA, is reviewed de novo. *Epps v. Gober*, 126 F.3d 1464, 1467 (Fed.Cir.1997).

### A. Sanctions can be imposed under Fed. R.App. P. 38 when an appeal is "frivolous as filed" or "frivolous as argued."

On December 1, 2000, we issued an Order to appellants to show cause why their appeal is not sanctionable under Fed. R.App. P. 38. Fed. R.App. P. 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."

■■■ Our court has identified two types of appeals that may be deemed frivolous. An appeal is held to be "frivolous as filed" when an appellant grounds his appeal on arguments or issues "that are beyond the reasonable contemplation of fair-minded people, and 'no basis for reversal in law or fact can be or is even arguably shown.'" *State Indus., Inc. v. Mor–Flo Indus., Inc.*, 948 F.2d 1573, 1578, 20 USPQ2d 1738, 1742 (Fed.Cir.1991) (internal citation omitted). An appeal which is frivolous as filed "unnecessarily wastes the limited resources of the court as well as those of the appellee, and therefore should never have been filed at all." *Id*. at 1578, 948 F.2d 1573, 20 USPQ2d at 1742. An appeal is held to be "'frivolous as argued'" when an appellant has not dealt fairly with the court, has significantly misrepresented the law or facts, or has abused the judicial process by repeatedly litigating the same issue in the same court." *Lawrence N. Sparks v. Eastman Kodak Co.*, 230 F.3d 1344, 1345 (Fed.Cir.2000); *see also Finch v. Hughes Aircraft Co.*, 926 F.3d 1574, 1582, 17 U.S.P.Q.2d 1914, 1921 (Fed.Cir. 1991) (finding an argument frivolous as argued when party failed to address the authority against his position, cited inapplicable authority, and seriously misrepresented the record below and the applicable law). "[A]n appeal which is frivolous as filed must also be frivolous as argued, since any arguments made in support of it

are, by definition, frivolous." *Constant v. United States*, 929 F.2d 654, 658 (Fed.Cir. 1991). The fact that an appeal is without merit does not mean that the appeal is necessarily a frivolous one. *See Romala Corp. v. United States*, 927 F.2d 1219, 1224 (Fed.Cir.1991); *Sparks*, 230 F.3d at 1345 ("If we were to award damages for a frivolous appeal in all cases which we felt had little merit, such as those we decide under rule 36, we would be assessing substantial damages. This is not our practice....."). Examples of actions deemed sanctionable include, but are not limited to, relitigating issues already finally adjudicated, *see Constant*, 929 F.2d at 658; failing to explain how the trial court erred or to present cogent or clear arguments for reversal, *Refac Int'l, Ltd. v. Hitachi, Ltd.*, 921 F.2d 1247, 1256, 16 USPQ2d 1347, 1354 (Fed. Cir.1990); *State Indus.*, 948 F.2d at 1579, 20 USPQ2d at 1743; *S. Bravo Sys. Inc. v. Containment Tech. Corp.*, 96 F.3d 1372, 1377 (Fed.Cir.1996); failing to cite authority and ignoring opponent's contrary cited authority, *Refac Int'l, Ltd. v. IBM*, 790 F.2d 79, 81, 229 USPQ 712, 713 (Fed.Cir. 1986); citing irrelevant or inapplicable authority, *Laitram Corp. v. Cambridge Wire Cloth Co.*, 919 F.2d 1579, 1584, 16 USPQ2d 1929, 1933 (Fed.Cir.1990); distorting cited authority by omitting language from quotations, *Porter v. Farmers Supply Serv., Inc.*, 790 F.2d 882, 887, 229 USPQ 814, 817 (Fed.Cir.1986); making irrelevant and illogical arguments, *S & T Mfg. Co., Inc. v. County of Hillsborough, Florida*, 815 F.2d 676, 679 (Fed.Cir.1987); *Romala*, 927 F.2d at 1222; misrepresenting facts or law to the court, *id.* at 1223; *Laitram*, 919 F.2d at 1583, 16 USPQ2d at 1933; *Dreamlite Holdings Ltd. v. Kraser*, 890 F.2d 1147, 1149 (Fed.Cir.1989); *SMS Data Prod. Group, Inc. v. United States*, 900 F.2d 1553, 1558 (Fed.Cir.1990); failing to reference or discuss controlling precedents, *Klein v. Dep't of Transp., FAA*, 768 F.2d 336, 338 (Fed.Cir.1985); *McEnery v. Merit Sys. Prot. Bd.*, 963 F.2d 1512, 1516 (Fed. Cir.1992); or raising an appeal when the issue is moot, *Dungaree Realty Inc. v.*

*United States*, 30 F.3d 122, 125 (Fed.Cir. 1994).

We are reluctant to impose sanctions. As we said in *Finch*, "an appellate court must be mindful of the possibility that awarding damages and costs could have an undue chilling effect on the behavior of later litigants." *Finch*, 926 F.2d at 1578, 17 USPQ2d at 1917–18; *Sparks*, 230 F.3d at 1345 (discussing deterrence). At the same time, we have also noted the undue burdens associated with frivolous appeals. "A frivolous appeal imposes costs not only upon the party forced to defend it, but also upon the public whose taxes supporting this court and its staff are wasted on frivolous appeals." *Finch*, 926 F.2d at 1578, 17 USPQ2d at 1918.

**B. An award of sanctions is appropriate when a party grounds its appeal on an argument that is unsupported by authority and contradicted by the clear and explicit language and legislative history of the statute.**

■ Appellants' appeal meets the standard for an appeal that is both frivolous as filed and as argued. Appellants cite inapplicable authority, distort cited authority, and make irrelevant and illogical arguments. *See, e.g., Finch*, 926 F.2d at 1579, 17 USPQ2d at 1919 (finding sanctions are warranted when party made no attempt to address let alone rebut the overwhelming authority against his position); *State Indus.*, 948 F.2d at 1580, 20 USPQ2d at 1744 (finding frivolous an argument based on half-truths and illogical deductions from misused legal authority); *McEnery*, 963 F.2d at 1515 (finding frivolous party's argument that undercuts clear congressional intent and prior judicial precedent). Where, as here, a party's argument is explicitly negated by the very statute the party relies on in support of its argument, there is, quite simply, absolutely no basis in law for arguing for reversal of the decision appealed. Any argument made in support of such an appeal is, by its nature, illogical and unreasonable, and therefore, is sanctionable under Fed. R.App. P. 38.

**1. Appellants fail to provide any case law or statutory support whatsoever for their argument that the Veterans Court is an "agency" as defined in the EAJA.**

The EAJA states:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ..., incurred by that party in any civil action (other than a case sounding in tort), including proceedings for judicial review of agency action, brought by or *against the United States or any agency* or any officer of the United States acting in his or her official capacity in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). The EAJA explicitly defines its terms. For purposes of the EAJA, the "United States" includes "any agency and any official of the United States acting in his or her official capacity." *Id.* § 2412(d)(2)(C). The Veterans Court, by contrast, is specifically denominated a "court." *Id.* § 2412(d)(2)(F). The "position of the United States" includes the "position taken by the United States in the civil action" as well as "the action or failure to act by the agency upon which the civil action is based." *Id.* § 2412(d)(2)(D).

Appellants cite neither case law nor statutory text in support of their argument that the Veterans Court is an "agency" for purposes of the EAJA. In their principal brief, appellants argue:

[I]t is clear that the [Veterans Court] was created by Congress for the sole purpose of providing judicial review of the administrative decisions of the [Department of Veterans Affairs ("DVA") ]. Congress created the [Veterans Court] to monitor the DVA and the [sic] ensure that the Agency complied with the statutes and regulations governing the vet-

erans benefit scheme. *As such, the [Veterans Court], like the DVA, is an "Agency"* of the United States as contemplated by the EAJA statute.

Further, *courts and administrative agencies* are not to be regarded as wholly *independent and unrelated instrumentalities,* as each act in performance of their prescribed statutory duty. Even more so, when the Court's sole purpose and jurisdiction is mandated by Congress is to provide judicial review of a specific agency's decision. Meaning, that if the DVA and the [Veterans Court] can not be regarded as wholly independent and unrelated instrumentalities *and the [Veterans Court] is clearly recognized as an Agency of the United States under the EAJA,* then it naturally follows that the [Veterans Court] also constitutes an Agency of the United States pursuant to EAJA.

Brief of Appellant at 17, *Abbs v. West* (No. 99–7112); Brief of Appellant at 18, *Wisner v. West* (No. 99–7113) (emphasis added). Thus, appellants argue, in effect, that the DVA and the Veterans Court are indistinguishable and therefore each must equally be considered an "agency." Appellants cite no case law or statutory support whatsoever for their argument that the DVA and the Veterans Court are either "dependent" or "related" instrumentalities, much less that they are so related as to be indistinguishable and thus share the same statutory category of "agency." Appellants also cite no authority for their proposition that a court, specifically the Veterans Court, is an "agency" that is to be considered a constituent part of the DVA for purposes of the EAJA. Indeed, the structure and language of the EAJA are plainly to the contrary. The appellants' bold assertion that "the [Veterans Court] is clearly recognized as an [A]gency of the United States" is flatly false. *Id.*

**2.  Appellants' argument that the Veterans Court is an "agency" for purposes of the EAJA is actually contrary to the clear and express language of the statute.**

Appellants' argument that the Veterans Court is an "agency" is contrary to the language of the statute. As the Veterans Court appropriately noted, it is explicitly included in the lists of "courts" in 28 U.S.C. § 2412(d)(2)(F) (as amended by the Veterans Programs Enhancement Act of 1998, Pub.L. No. 105–368, § 512(b)(1)(B), 112 Stat. 3315, 3342 (1998)) ("'court' includes ... the United States Court of Appeals for Veterans Claims."). Congress specifically defined the word "courts" to include the Veterans Court to make clear that petitioners before the Veterans Court could recover attorney fees. In 1992, in *Jones v. Derwinski,* 2 Vet.App. 231 (1992), the United States Court of Veterans Appeals in an en banc decision denied the right of plaintiffs to recover attorney fees under the EAJA, because prior to 1992, the statute did not contain an unambiguous waiver of sovereign immunity with respect to civil actions brought by or against the United States or its agencies in that court. *Id.*[2] In response, Congress amended the EAJA in 1992 to specify that the EAJA also applied to the Veterans Court. "The objective of EAJA is to eliminate financial deterrents to individuals attempting to defend themselves against unjustified government action. Veterans are among the types of individuals the statute was intended to help." H.R.Rep. No. 102–1006, at 25 (1992), *reprinted in* 1992 U.S.C.C.A.N. 3921, 3934. Congress did not include the Veterans Court (or any court for that matter) under the definition of "the United States" or "agency." The EAJA distinguishes a "court" from an "agency" in clear and explicit terms. Plainly, under the EAJA the two categories are mutually exclusive. Since the

---

**2.**  On March 1, 1999, the name of the United States Court of Veterans Appeals was changed to the United States Court of Appeals for Veterans Claims pursuant to the enact-

ment of the Veterans Programs Enhancement Act of 1998, Pub.L. No. 105–368, § 511, ·122 Stat. 3315, 3341 (1998).

statute defines the term "court" to include the Veterans Court, but does not mention the Veterans Court in its definition of the "United States," it is clear that Congress viewed the Veterans Court—and courts generally—as separate and distinct from the "United States" or its agencies for EAJA purposes. *See In re Perry*, 882 F.2d 534, 539 (1st Cir.1989) ("The requirement of party status—that the civil action must be one 'by or against the United States'—is ... powerful evidence of an intent to exempt 'pure adjudicators' from EAJA's embrace.") (internal citations omitted).

The clear language of the statute also explicitly contradicts the appellants' interpretation that the Veterans Court is an agency that makes a decision "upon which the civil action is based." As the Veterans Court correctly said, "the civil action is one against the VA (through the Secretary) and is brought *in* [the Veterans Court ] not *as to* actions *of* [the Veterans Court.]" (emphasis in original) Indeed, a determination of whether there is a "substantial justification" for the United States' or an agency's action involves an inquiry into the reasonableness of its administrative decision or litigating position, not the court's review thereof. *See Broad Ave. Laundry & Tailoring v. United States*, 693 F.2d 1387, 1391 (Fed.Cir.1982) (holding that the test for determining whether the government's litigating position is substantially justified is one of reasonableness, depending upon the pertinent facts in a given case). Courts simply do not have "litigating positions." Neither do they make "administrative decisions." Further, substantial justification is determined by reviewing the "merits, conduct, reasons given, and consistency with judicial precedent and [DVA] policy with respect to such position, and action or failure to act, as reflected in the record on appeal and the filings of the parties before the [c]ourt." *Stillwell v. Brown*, 6 Vet.App. 291, 302 (1994); 28 U.S.C. § 2412(B) ("Whether or not the position of the United States was substantially justified shall be determined on the basis of the record

(including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in a civil action for which fees and other expenses are sought."). Adjudicatory bodies do not make a "record on appeal" nor do they make "filings" to the court. Neither are they "parties." These are all functions of the litigant, not the tribunal.

Appellants argue in their Reply Brief that just because the Veterans Court is denominated a "court" pursuant to 28 U.S.C. § 2412(d)(2)(F) does not mean that it is "excluded from the definition of an agency acting in an official capacity." Reply Brief of Appellants at 1–2. To support such an illogical argument, appellants again resort to word games. Appellants write:

> The Appellee's second argument is that the term 'agency' is generally understood to mean, 'a governmental department of *administration* or *regulation*,' but not one of adjudication. The Appellants dispute this assertion. An Article I Court is created by an act of Congress to *'administer'* judicial review of a governmental agency, in this case the Department of Veterans Affairs. The United States Tax Court was likewise created by an act of Congress to 'administer' judicial review of the Internal Revenue Service.

*Id.* at 2 (emphasis added). Appellants simply cite no support for such a broad reading of the term "agency" or such a tortured interpretation of "administer." In fact, appellants' argument is contradicted not only by the language, but also by the legislative history of the Veterans Judicial Review Act, Pub.L. No. 100–687, § 402, 102 Stat. 4105 (1988), 38 U.S.C. § 7251. One of the purposes of creating the Veterans Court was to "[e]stablish an *independent* [c]ourt" to review decisions of the Board. H.R.Rep. No. 100–963, at 4 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5782, 5785 (emphasis added).

Indeed, appellants' argument taken to its logical conclusion would require an award of attorney fees under the EAJA whenever a court—even a district court or a specialized trial court, such as the United States Court of International Trade—"administering" judicial review of a decision of an administrative agency later has its interpretation of law or other decision overruled by a higher court. Suppose, for instance, a district court construes a statute as it reviews a decision of the Social Security Administration. If the district court's interpretation is later overruled by the court of appeals, the district court's decision might not be deemed "substantially justified," and the appellant could then recover attorney fees under the EAJA. This is clearly contrary to both the explicit text of the EAJA and its legislative history, as well as the overall statutory scheme. The statute states that a prevailing party may only recover fees and expenses "in any civil action ... brought *by or against* the United States or any agency ... *in any court* having jurisdiction of that action." (emphasis added). The statute does *not* say that a prevailing party may recover fees and costs "in any civil action ... *brought by or against a court* ... in any court having jurisdiction of such action." Indeed, such a reading of the statute would be utterly nonsensical. A *court* simply cannot "bring" a civil action against a party. Once again, appellants' argument is illogical and irreconcilable with the statutory text. The winning side "prevails" over its opponent, not the court.

**3. The legislative history of the EAJA does not support but indeed refutes appellants' contention that its provisions apply to purely adjudicatory bodies.**

The legislative history of the EAJA supports the clear import of its text that the Veterans Court is not an "agency" within its meaning. Congress enacted the EAJA to diminish the costs of litigating against the government. *See* H.R.Rep. No. 1418, at 12 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4984, 4991 (EAJA's fee-shifting mechanism is "an instrument for curbing excessive regulation and the unreasonable exercise of Government authority."). "A primary purpose in enacting the EAJA ... was to remove obstacles of litigation expenses, including attorneys' fees, so that litigants may challenge unreasonable *governmental action* and vindicate their rights in court." *Crooker v. EPA,* 763 F.2d 16, 17 (1st Cir.1985) (per curiam) (emphasis added); H.R.Rep. No. 1418, at 5–6 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4953, 4984. The legislative history nowhere provides the slightest hint that the EAJA's reach extends to adjudicatory bodies. In fact, by referring to how persons may "vindicate their rights in court" against "unreasonable governmental action," the Report distinguishes between executive branch entities and judicial tribunals.

Appellants argue in their Reply Brief that the government "cannot extrapolate from the coverage of EAJA liability for actions in the [Veterans Court] that the Article I Court is therefore not an 'agency' under EAJA." Reply Brief of Appellants at 2. Such an argument is a non-sequitur. Moreover, it simply ignores the fundamental principle that waivers of sovereign immunity must be strictly construed in favor of the sovereign. *See Fanning, Phillips & Molnar v. West,* 160 F.3d 717, 721 (Fed. Cir.1998) ("EAJA must be strictly construed in favor of the sovereign."). Thus, in the absence of specific evidence of congressional intent to the contrary, we cannot expand the statute to reach adjudicatory bodies. Indeed, in *In re Perry,* the United States Court of Appeals for the First Circuit, examining the legislative history of the EAJA, concluded "Congress [did not intend] EAJA to apply to ad hoc decisionmaking of purely adjudicatory entities, even if erroneous (or blatantly erroneous, for that matter)." *In re Perry,* 882 F.2d at 540.

**C. Appellants' response to this court's December 1, 2000 Order providing notice that sanctions could be imposed under Fed. R.App. P. 38 was unpersuasive and was itself frivolous.**

■ Although the United States has not requested sanctions in this appeal, we are free to award sanctions *sua sponte. See, e.g., Romala,* 927 F.2d at 1225 (citing *Reis v. Morrison,* 807 F.2d 112, 113 (7th Cir. 1986)). Under the 1994 amendments to Fed. R.App. P. 38, a prerequisite to an order of sanctions is that either the opponent files a separate motion for sanctions or the court, *sua sponte,* notifies the party that it is considering imposing sanctions and provides a reasonable opportunity to respond. *See Munoz v. Strahm Farms, Inc.,* 69 F.3d 501, 505 (Fed.Cir.1995). Traditionally, the Department of Justice does not move for sanctions under Fed. R.App. P. 38, no matter what the provocation.

Ample notice and an opportunity to respond have been provided in this case. We issued an Order on December 1, 2000, and provided appellants an opportunity to respond both by letter and later during oral argument on December 6, 2000. In the Order, we stated that at oral argument, appellants should be prepared to address the clear and explicit authority contrary to their position. We stated:

> [A]s noted in the opinion of the [Veterans Court] . . ., the clear language of the statute contradicts appellants' interpretation that the Veterans Court is an "agency," much less one "against" which action was "brought." The statute actually distinguishes between "courts" and "agencies" in clear and explicit terms. Further, the court is not a party, but a "civil" tribunal. Finally, the EAJA focuses on the reasonableness of the agency's "litigating position." The court, however, has no litigating position.

We also specified that in their briefs, "[a]ppellants [had] cited no authority at all for their proposition that the [Veterans Court] is an 'agency,' . . . for purposes of the EAJA."

**1. Appellants' written response to the December 1, 2000 Order was unresponsive and compounded the frivolity of this appeal.**

Appellants responded in a letter dated December 1, 2000, which "simply ignored the allegation of frivolity and compounded the misconduct with more frivolous assertions." *State Indus.,* 948 F.2d at 1580, 20 USPQ2d at 1744. None of the three cases cited by appellants are even relevant, much less do they provide any support for appellants' absurd argument that the Veterans Court is an "agency" for purposes of the EAJA.

Appellants cited *Sparks* as being "directly on point" to support their position. In *Sparks,* this court declined Kodak's request to award sanctions against Sparks for raising arguments because they were rejected by the district court. *Sparks,* 230 F.3d at 1346. *Sparks,* however, only discusses the standard courts should apply in determining whether an appeal is frivolous; the decision provides no support whatsoever for appellants' illogical argument that the Veterans Court is an "agency" for purposes of the EAJA. The EAJA is not even mentioned in *Sparks,* nor is the DVA or the Veterans Court.

Appellants also cited *Abela v. Gustafson,* 888 F.2d 1258 (9th Cir.1989), as supporting their position. Appellants said that in *Abela,* the court interpreted "the purpose of EAJA as the seeking of reimbursement for expenses incurred while defending against unjustified *governmental* action." (emphasis added). This is true, of course, but such a statement clearly does not respond to our Order to show cause why the appeal is non-frivolous. In *Abela,* the United States Court of Appeals for the Ninth Circuit held that the EAJA authorizes and governs an award of attorney fees incurred in contested proceedings for naturalization. *Abela,* 888 F.2d at 1263. *Abela* clearly offers no support for appellants' claim that the EAJA extends to adjudicatory bodies, however, because it discusses only

whether the *government's* position—not the court's—in naturalization proceedings is substantially justified. *Id.*

Appellants' citation to *United States v. 50.50 Acres of Land*, 931 F.2d 1349 (9th Cir.1991), is equally unpersuasive and frivolous. The parenthetical to appellants' citation of *50.50 Acres of Land* said, "[a] District Court's interpretation of the EAJA is subject to de novo review." Quite simply, the appropriate standard of appellate review for a trial court's interpretation of the EAJA is not relevant to the issue of frivolity. Moreover, this is not an appeal from a district court decision. While we agree, of course, that our review is de novo, citing the appropriate standard of review is utterly unresponsive, as it provides no support whatsoever that the Veterans Court is an "agency" pursuant to the EAJA. In *50.50 Acres of Land*, the United States Court of Appeals for the Ninth Circuit held that a 1985 amendment to the EAJA changing the definition of the term "prevailing party" applied to awards of both costs and attorney fees. *50.50 Acres of Land*, 931 F.2d at 1356. The decision clearly offers no support for the assertion that the appellants can recover when an *adjudicator's* decision rather than an agency's litigating position or substantive, administrative decision is said not to be substantially justified. Indeed, to respond to an Order of the court to show cause with the citation of obviously irrelevant decisions is a further abuse of the judicial process and a waste of the court's valuable time. The letter of December 1 only continues counsel's course of conduct in his opening and reply briefs of frivolous arguments and citations.

## 2. Appellants failed to respond to the December 1, 2000 Order at oral argument.

Appellants likewise failed at oral argument to show cause why sanctions should not be imposed. Even worse, appellants simply reiterated the baseless arguments made in their briefs, again without providing any authority supporting their interpretation of the EAJA to include the Vet-

erans Court as an "agency." Appellants conceded that their interpretation of the EAJA would be a "liberal one" but they provided no reason why such an interpretation is warranted or even arguable when the text of the statute is so explicit, to the contrary, on its face.

## Conclusion

█ We thus order sanctions to be imposed on appellants' attorney, Mr. Carpenter, and award for the filing and maintenance of so frivolous an appeal the payment by appellants' counsel personally to the United States the reasonable costs for printing, copying, and the like the United States incurred in defending the appeal before this court. *See Romala*, 927 F.2d at 1224 (holding that appellants' attorney as well as the client can be liable for the sanctions imposed under Fed. R.App. P. 38 "[w]here the frivolity in an appeal lies ... in the type of argument employed in support of it."); *State Indus.*, 948 F.2d at 1581, 20 USPQ2d at 1745 ("[P]articularly since our conclusion on frivolity rests not only on the filing of an appeal but also on the frivolous nature of the advocacy in support of it, we consider the attorney who wrote and signed the briefs to be equally responsible."). The purpose of awarding costs pursuant to Fed. R.App. P. 38 is "to deter frivolous appeals and thus preserve the appellate calendar for cases worthy of consideration." *Sun–Tek Indus., Inc. v. Kennedy Sky–Lites, Inc.*, 865 F.2d 1254, 1255 (Fed. Cir.1989) (citing *United States v. Phoenix Petroleum Co.*, 727 F.2d 1579, 1580 n. 4 (Tem.Emer.Ct.App.1984)). Where, as here, a party's argument flies in the teeth of the plain meaning of the statute and raises arguments with utterly no foundation in law or logic, and indeed is contradicted by clear statutory language, the judicial process is abused and the funds provided by Congress via the taxpayers to the Justice Department are wasted. Therefore, we hold that sanctions under Fed. R.App. P. 38 are warranted. There is simply no basis for reversal based on

arguments which are negated by the text of the very statute on which the appeal and the appellants' argument rests; thus, any appeal brought from such a decision is, by its nature, illogical, baseless, and frivolous. However, we decline to award single or double damages or to require payment commensurate with attorney fees for the time of government counsel. Nor do we order any payment to the court. We nevertheless expect that counsel will take care not to file plainly frivolous appeals henceforth. If he does not heed this warning, he may expect sterner sanctions in the future.

*AFFIRMED—COSTS IMPOSED AS SANCTIONS.*