NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1350

F & G RESEARCH, INC.,

Plaintiff-Appellant,

v.

DYNAPOINT (TAIWAN), INC.,

Defendant-Appellee.

Allen D. Brufsky, Allen D. Brufsky, P.A., of Naples, Florida, for plaintiff-appellant.

George R. Diaz-Arrastia, Schirrmeister Diaz-Arrastia Brem, L.L.P., of Houston, Texas, for defendant-appellee.

Appealed from:  United States District Court for the Southern District of Florida

Judge Cecilia M. Altonaga

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1350

F & G RESEARCH, INC.,

Plaintiff-Appellant,

v.

DYNAPOINT (TAIWAN), INC.,

Defendant-Appellee.

Appeal from the United States District Court for the Southern District of Florida in case no. 06-CV-60904, Judge Cecilia M. Altonaga.

_____

DECIDED: January 31, 2008

_____

Before GAJARSA, LINN, and MOORE, <u>Circuit Judges</u>.

LINN, <u>Circuit Judge</u>.

F & G Research, Inc. ("F&G") filed this appeal from the dismissal of its complaint against Dynapoint (Taiwan), Inc. ("Dynapoint Taiwan") for lack of personal jurisdiction. <u>F & G Research, Inc. v. Dynapoint (Taiwan), Inc.</u>, No. 06-60904 (S.D. Fla. Apr. 13, 2007) ("<u>Dismissal Opinion</u>"). Because we find that no basis for reversal in law or fact can be or is even arguably shown and that F&G and its counsel, Allen D. Brufsky ("Brufsky"), have significantly misrepresented the facts, we conclude that this appeal is both frivolous as filed and frivolous as argued. <u>See</u> <u>Abbs v. Principi</u>, 237 F.3d 1342, 1345 (Fed. Cir. 2001). Accordingly, we <u>affirm</u> on the merits and award sanctions

against F&G and Brufsky jointly and severally, in the amount of Dynapoint Taiwan's reasonable attorneys' fees and costs in defending this appeal. See Fed. R. App. P. 38.

I

On June 22, 2006, F&G filed a complaint alleging that Dynapoint Taiwan "willfully and deliberately infring[ed]" F&G's U.S. Patent No. 5,313,229 "by distributing and selling within the United States and/or importing into the United States for sale its various lines of scrolling wheel computer mice." See Dismissal Opinion at 1. Dynapoint Taiwan challenged personal jurisdiction by filing a motion to dismiss, contending that it is a Taiwanese corporation with its headquarters in Taipei, Taiwan, and that its sole business function is to serve as the Asia and Europe sales division for Dynapoint (Dong Guan) Inc., a separate corporation organized under the laws of China and located in Mainland China ("Dynapoint China"). Dynapoint Taiwan specifically contended, and F&G does not contest, that Dynapoint Taiwan has no office in the State of Florida, has never operated, conducted, engaged in, or carried on any business venture in the State of Florida or anywhere else in the United States, has not sold or solicited customers for Dynapoint China in the State of Florida or anywhere in the United States, has not attended any trade shows in the United States, has no corporate officers who are residents of the United States, maintains no financial accounts in the United States, does not manufacture computer mice, and has only a passive website, which does not enable visitors to order products.

In opposing Dynapoint Taiwan's motion to dismiss for lack of personal jurisdiction, F&G relied upon a declaration from its counsel, Brufsky. See Dismissal Opinion at 3. That declaration does not mention Dynapoint Taiwan, and instead links

the distribution of computer mice allegedly infringing F&G's patent to Dynapoint China. Specifically, it alleges that Spec-Research, Inc. "obtained scrolling mice for distribution from Dynapoint (Dong Guang) Inc. of Chang An, Dong Guang, Duang Dong, China," and that Spec-Research, Inc. then distributed these mice to Targus, Inc. and Iogear, Inc. for resale under their own brand names in Florida.

Following the filing of Dynapoint Taiwan's motion to dismiss, F&G moved to join Dynapoint China as a defendant on March 26, 2007. On April 11, 2007, the district court granted F&G's motion, noting that Dynapoint Taiwan "ha[d] failed to submit a memorandum in opposition to F&G's motion." One day later, on April 12, 2007, Dynapoint Taiwan filed a motion for reconsideration, alerting the court that under the local rules, the time for its response to F&G's motion had not expired. It joined its motion with a memorandum in opposition to F&G's motion. On April 13, 2007, the district court granted Dynapoint Taiwan's motion and accordingly set aside the April 11, 2007 order.

On April 13, 2007, the district court also granted Dynapoint Taiwan's motion to dismiss for lack of personal jurisdiction. It found that F&G could not establish specific jurisdiction because of the absence of "evidence demonstrating that Dynapoint [Taiwan] manufactures, sells, markets or distributes any of the allegedly infringing products in the State of Florida." Id. at 8 (citing Fla. Stat. § 48.193(1)(b)). The district court similarly found that F&G could not establish general jurisdiction, because "[t]he only facts presented here illustrate that Dynapoint [Taiwan] has no contacts with Florida; it does not conduct business in Florida; and it has no offices, employees, assets or leases in Florida," and that "[t]here ha[d] been no showing that Dynapoint [Taiwan] engages in

substantial and not isolated activity within [Florida]." Id. at 8–9 (citing Fla. Stat. § 48.193(2)).

II

In this appeal, F&G argues that the district court improperly dismissed its case for lack of personal jurisdiction over Dynapoint Taiwan. F&G's appeal has no merit. F&G points to no errors in the district court's decision, contending only that support for its position can be found in the Brufsky declaration. As previously noted, the Brufsky declaration does not mention Dynapoint Taiwan but, rather, links the distribution of computer mice allegedly infringing F&G's patent to Dynapoint China, a company distinct from Dynapoint Taiwan, notwithstanding the shared use in their respective business names of the word "Dynapoint." F&G cites nothing in the record to link Dynapoint Taiwan with the State of Florida or to any sales activities by Dynapoint Taiwan on Dynapoint China's behalf in the United States. Instead, it simply treats the Taiwanese and Chinese companies as if they are one and the same. In response to Dynapoint Taiwan's argument that Dynapoint China and Dynapoint Taiwan are not the same, Brufsky, on page 1 of the reply brief, misrepresents that Dynapoint China "is a co-defendant in this case," citing the district court's order of April 11, 2007, with no mention of the fact that the April 11, 2007 order was set aside on April 12, 2007.

F&G's failure to point to any legal errors by the district court, or any evidentiary support for its position, and Brufsky's misstatement of the record with respect to Dynapoint China's status as a party prompted this court on December 19, 2007, to issue an order directing F&G and Brufsky to show cause in writing as to why this case should not be deemed frivolous as filed and frivolous as argued in the submitted briefs.

The show cause order further directed both F&G and Brufsky to show cause as to why sanctions should not be imposed and as to how such sanctions, if imposed, should be apportioned between them. On January 4, 2008, F&G responded to this court's December 19, 2007 order and separately filed a Motion to Dismiss the Appeal, offering to dismiss the appeal or seeking in the alternative an order directing the district court to take certain actions.

III

"If a court of appeals determines that an appeal is frivolous, it may, after . . . notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38. We have held that an appeal may be "frivolous as filed" when "an appellant grounds his appeal on arguments or issues that are beyond the reasonable contemplation of fair-minded people, and no basis for reversal in law or fact can be or is even arguably shown." Abbs, 237 F.3d at 1345 (internal quotation marks omitted). An appeal may be "frivolous as argued when an appellant has not dealt fairly with the court, [or] has significantly misrepresented the law or facts." Id. "[A]n appeal which is frivolous as filed must also be frivolous as argued, since any arguments made in support of it are, by definition, frivolous." Constant v. United States, 929 F.2d 654, 658 (Fed. Cir. 1991). Although "[w]e are reluctant to impose sanctions," Abbs, 237 F.3d at 1346, "examples of actions deemed sanctionable include . . . failing to explain how the trial court erred or to present cogent or clear arguments for reversal, . . . making irrelevant and illogical arguments, [and] misrepresenting facts or law to the court," id. at 1345 (internal citations omitted).

F&G's persistent and exclusive reliance on the Brufsky declaration, which identifies Dynapoint China—rather than Dynapoint Taiwan—as the producer of the allegedly infringing products, can best be described as the type of irrelevant and illogical argument warned against in Abbs. F&G makes no effort to identify any legal or factual error in the district court's reasoning or findings. Instead, F&G relies on vague allegations without basis in the record, e.g., F&G Br. at 12 (asserting without citation that Dynapoint Taiwan was "[a]cting in concert with Spec-Research"), and on generalized statements that treat both the Taiwanese and Chinese companies as if they were one and the same, e.g., id. at 7 (asserting without citation that "Dynapoint injected infringing scrolling computer mice into the stream of commerce by delivering them to Spec-Research"). F&G and Brufsky attempt to portray Dynapoint Taiwan and Dynapoint China as "one entity," id. at 5 n.1, despite their separate corporate existence and the district court's decision to set aside its order joining Dynapoint China as a co-defendant. This approach to advocacy reflects not only a "fail[ure] to explain how the trial court erred or to present cogent or clear arguments for reversal," but also a willingness to mislead the court. Abbs, 237 F.3d at 1345. Brufsky's misrepresentation regarding Dynapoint China's status in this case along with F&G's reliance on an order withdrawn by the district court, see Reply Br. at 1, more than justify a conclusion that this appeal is frivolous as filed and as argued.

F&G's response to the show cause order not only fails to justify its conduct and that of its counsel but reiterates the same frivolous arguments presented previously, thus compounding the impropriety of their actions, individually and collectively. F&G, through Brufsky's reply to the show cause order, illogically and misleadingly argues that

"[b]ecause of [its] treatment of 'Dynapoint Taiwan' and 'Dynapoint China' as one entity . . . the appeal is not frivolous in law or fact as [F&G] is believed to have shown a chain from the <u>one entity</u> to sales with knowledge thereof within the State of Florida." But F&G points to no evidence supporting this claim, and F&G's request to treat Dynapoint Taiwan and Dynapoint China as a single entity simply ignores the directive of our order and the actions of the district court. Moreover, despite our observation in the December 19, 2007 order that "the district court's docket sheet plainly reveals that the April 11, 2007 order was set aside on April 12, 2007, and that Dynapoint China has not been made a party to this litigation," F&G's response to this order nonetheless relies again on the April 11, 2007 order as evidence of Dynapoint China's joinder. While F&G asserts that it was never given a chance to respond to Dynapoint Taiwan's motion to reconsider, that simply is not relevant to its misrepresentation of the events that did occur. Likewise, F&G's offer to voluntarily dismiss the appeal is immaterial to the propriety of its filing the appeal in the first place. Because we affirm the judgment of the district court, F&G's Motion to Dismiss is denied as moot.

F&G's failure to point to any legal errors by the district court or any evidentiary support for its position, Brufsky's misstatement of the record with respect to Dynapoint China's non-joinder, and their mutual failure to respond meaningfully to the show cause order render this appeal both frivolous as filed and frivolous as argued under Rule 38 of the Federal Rules of Appellate Procedure. Moreover, there is no reason why Dynapoint Taiwan should have had to expend the time and resources necessary to respond to what F&G and its counsel knew or should have known was a baseless appeal. Accordingly, we find sanctions to be in order in the amount of Dynapoint Taiwan's

reasonable attorneys' fees and costs in defending this appeal. Although F&G is liable for sanctions because "parties are . . . held liable for the acts or omissions of their counsel," our finding that this appeal is frivolous "rests not only on the filing of the appeal, but also on the frivolous nature of the advocacy in support of it." State Indus., Inc. v. Mor-Flo Indus., Inc., 948 F.2d 1573, 1582 (Fed. Cir. 1991). For these reasons, we affirm the dismissal of the district court and hold F&G and Brufsky jointly and severally responsible for payment of the monetary sanctions awarded herein. See id. at 1582–83.

Dynapoint Taiwan is directed to file with this court its claim for reasonable attorneys' fees and costs incurred by Dynapoint Taiwan in the defense of this appeal, together with supporting documentation, within fifteen (15) days of the date of this opinion. F&G shall have five (5) days from the date Dynapoint Taiwan files its submission with the court to file any objection thereto.