NOTE: This order is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**IN RE VIOLATION OF RULE 38**

---

Miscellaneous Docket No. 981

---

Appeal From the United States Court of Federal Claims in case No. 05-CV-162, Judge Mary Ellen Coster Williams.

---

Before GAJARSA, LINN, and MOORE, *Circuit Judges.*

PER CURIAM.

## O R D E R

Underwood Livestock, Inc. ("Underwood") appealed from a decision of the Court of Federal Claims ("Claims Court") granting the government's motion for summary judgment that Underwood cannot establish a property interest in a destroyed tire dam structure because of issue preclusion. The relevant facts of this case and the court's decision on the merits are detailed in this court's opinion affirming the decision of the Claims Court. *Underwood Livestock, Inc. v. United States*, No. 2010-5072 (Mar. 31, 2011). Because this court finds that no basis for reversal in law or fact can be or is even arguably shown, this court concludes that the appeal is both frivolous as filed and

frivolous as argued and sanctions Martin G. Crowley ("Crowley"), counsel for Underwood, in the amount of the government's attorney fees and costs in defending this appeal.

BACKGROUND

In this appeal, Underwood raised eight issues. Not a single one of those issues addressed the sole basis upon which the Claims Court's decision was grounded—nonparty issue preclusion. On appeal to this court, Underwood, through its counsel, failed to show any error in the Claims Court's well-reasoned decision and essentially ignored the Claims Court's determination of issue preclusion. What is even worse, Underwood instead asked this court to review and vacate the decision of the Interior Board of Land Appeals, a matter over which this court lacks jurisdiction. In so asking, Underwood misrepresented our statutory authority to act. As noted in the panel opinion, Underwood alleged this court possessed jurisdiction to review decisions of the Interior Board of Land Appeals under 5 U.S.C. § 7703, a section titled "Judicial review of decisions of the Merit Systems Protection Board." *Underwood*, slip op. at 9.

Underwood's failure to point to any legal error by the Claims Court and Underwood's misrepresentation of our purported statutory authority to review decisions of the Interior Board of Land Appeals prompted this court, on March 31, 2011, to issue an order directing Underwood and Crowley to explain in writing why this case should not be deemed frivolous as filed and frivolous as argued in the submitted briefs; why sanctions should not be imposed; and how such sanctions, if imposed, should be apportioned between appellant and its counsel. The court ordered that the explanation be filed no later than 15 days from the date of the order.

## DISCUSSION

"If a court of appeals determines that an appeal is frivolous, it may, after . . . notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38. We have held that an appeal may be "frivolous as filed" when "an appellant grounds his appeal on arguments or issues that are beyond the reasonable contemplation of fair-minded people, and no basis for reversal in law or fact can be or is even arguably shown," and may be "frivolous as argued" when an appellant "has not dealt fairly with the court, [or] has significantly misrepresented the law or facts." *Abbs v. Principi*, 237 F.3d 1342, 1345 (Fed. Cir. 2001) (internal citations omitted). Although "[w]e are reluctant to impose sanctions," *id.* at 1346, "[e]xamples of actions deemed sanctionable include . . . failing to explain how the trial court erred or to present cogent or clear arguments for reversal, . . . citing irrelevant or inapplicable authority, . . . making irrelevant and illogical arguments, [and] misrepresenting facts or law to the court," *id.* at 1345 (internal citations omitted).

Underwood's failure to point to any legal errors by the Claims Court; incorrect statement of statutory authority concerning our purported jurisdiction over the Interior Board of Land Appeals; demands for this court to take mandatory judicial notice of, among other items, "all Acts of Congress" and "the Constitution of the United States"; and assertion of arguments relating to matters wholly outside this court's jurisdiction can best be described as the type of irrelevant and illogical argument warned against in *Abbs*. Underwood made no effort to identify any legal or factual error in the Claims Court's reasoning or findings.

Crowley's response to the show cause order not only fails to justify his conduct and that of his client in any coherent manner but reiterates the same frivolous arguments presented previously. Moreover, and representa-

tive of the sloppy nature of this appeal, Crowley "questions" this court's authority to impose sanctions under Nevada Rule of Appellate Procedure 38. Response to Order to Show Cause ("*Response*") at 7. Crowley's "questions" would have been answered had he properly reviewed *this* court's Rules of Practice, available on this court's website, as opposed to the rules adopted by the Nevada Supreme Court. This court's order to show cause threatened sanctions under Federal Rule of Appellate Procedure 38, about which this court's Practice Note, titled "WARNING AGAINST FILING OR PROCEEDING WITH A FRIVOLOUS APPEAL OR PETITION," cautions that "many precedential opinions have included sanctions under the rule."

As to how sanctions should be apportioned between Underwood and Crowley, Crowley's response was silent. Crowley did contend that the *pro bono* efforts of, at best, some of his team affected his "ability to spend an adequate amount of time on the issues." *Response* at 8. "As should scarcely need repeating, counsel's duty of diligent and prompt representation applies to all clients, without distinction." *See, e.g.*, *Davis v. Miller*, 571 F.3d 1058, 1063, n.5 (10th Cir. 2009). While this court is aware of the difficulties faced by *pro bono* counsel, "volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *See, e.g.*, *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997). The constraints Crowley faced do not give him the liberty to waste the taxpayers' money through the filing of a frivolous appeal against the United States government. "This and other federal courts are funded by the taxpayers of this country to adjudicate genuine disputes, not to function as playgrounds for would-be lawyers or provide an emotional release for frustrated litigants." *Constant v. United States*, 929 F.2d 654, 659 (Fed. Cir. 1991) ("The Department of Justice has still been forced to expend time and effort in defending,

and this court has still had to devote energy and resources to deciding, this wholly frivolous appeal.").

This court "never impose[s] sanctions lightly" and while "particularly cautious in the case of a pro se litigant, whose improper conduct may be attributed to ignorance of the law and proper procedures," here, Crowley is a licensed attorney and a member of this court's bar. *Cf. Constant*, 929 F.2d at 658 (internal citations omitted). An attorney's role as a counselor requires him to provide sound legal advice to his client. In view of Crowley's statement that the president of Underwood is an "elderly man . . . [with] no money," *Response* at 9, and Crowley's failure to suggest that anyone but Crowley is to blame for not advising his client that the appeal sought was frivolous, both as filed and argued, this court declines to tax anyone but Crowley.

Accordingly,

IT IS ORDERED THAT:

(1) Crowley is ordered to pay the government its attorney fees and costs expended in defending this appeal because of his violation of Federal Rule of Appellate Procedure 38.

(2) The government is directed to file with this court its claim for reasonable attorney fees and costs incurred in the defense of this appeal, together with supporting documentation, within (15) days of the date of this order. Crowley shall have five (5) days from the date the government files its submission with the court to file any objection thereto.

FOR THE COURT,

April 25, 2011                    /s/ Jan Horbaly
    Date                          Jan Horbaly
                                  Clerk

cc:  Martin G. Crowley, Esq.
     Kurt G. Kastorf, Esq.