# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 26, 2011

Lyle W. Cayce
Clerk

No. 11-30025
Summary Calendar

AMOS CHAUVIN, and wife,

Plaintiff–Appellant

v.

ANTILL PIPELINE CONSTRUCTION COMPANY, INCORPORATED;
ANTILL PIPELINE COMPANY, INCORPORATED; ANTILL PIPELINE
CORPORATION; ANTILL PIPELINE & CONSTRUCTION COMPANY,

Defendants–Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09–CV–5923

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Louisiana seaman Amos Chauvin and his wife Katina Chauvin appeal
from the district court's judgment in favor of Defendants–Appellees Antill
Pipeline Construction Co. and others ("Antill"). Chauvin contends that the
district court failed to render judgment on one of his claims—specifically, his
Jones Act claim for larger maintenance and cure payments—and thus, the
court's judgment "does not dispose of all claims asserted in the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-30025

below." The district court denied Chauvin's motion for a new trial, *see* FED. R. CIV. P. 59(a)(2), in which he made this same assertion, among others.

The parties do not dispute that Chauvin was receiving maintenance and cure payments from Antill at the time of trial.[1] The crux of Chauvin's claim on appeal, like his Rule 59 motion in the district court, concerns the *sufficiency* of those payments. But, as the district court correctly observed, the sufficiency of Antill's maintenance and cure payments was never an issue for trial. *See* Order and Op., Dkt. 156, at 3. Although Chauvin's complaint originally alleged that Antill failed in its duty to pay maintenance and cure "in full," no issue is raised in regard to the sufficiency of the maintenance and cure payments in the proposed pretrial order submitted by the parties or the final pretrial order entered by the court. The pretrial order, not Chauvin's complaint, defined the issues left for trial. *See Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 604 (5th Cir. 2000). Here, the district court's judgment properly disposed of those issues identified in the pretrial order and tried to the court.

Chauvin's appeal is wholly without merit. While we have the discretion to penalize such appeals by awarding "just damages and single or double costs to the appellee," FED. R. APP. P. 38, we are also mindful of the chilling effect that the imposition of sanctions could have on other litigants, *see Abbs v. Principi*, 237 F.3d 1342, 1346 (Fed. Cir. 2001), and we decline to impose sanctions at this time. Chauvin's attorneys, Jack W. Harang and Martina E. Cartwright, are WARNED that frivolous appeals in the future will not be tolerated.

AFFIRMED.

---

[1] *See* Pls.' Original Compl., Dkt. 1, at 7 ("Defendants are only paying him $245.00 a week, but this is far less than one half of what he earned at his regular salary as a Captain on their vessel before being injured.").

2